Argued and submitted October 17, reversed and remanded with instructions to
reinstate order of Department of General Services December 26, 1990,
reconsideration allowed by opinion April 17, 1991
See 106 Or App 663, 809 P2d 708 (1991)

# KEETON-KING CONSTRUCTION, INC.,
*Respondent,*

*v.*

# STATE OF OREGON;
State of Oregon Department of General Services;
State of Oregon Employment Division; and
State of Oregon Department of Human Services,
*Appellants.*

(88-CV-0392-WE; CA A61864)

802 P2d 711

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John Berge, Bend, argued the cause for respondent. With him on the brief were Neil R. Bryant and Gray, Fancher, Holmes, Hurley, Bryant & Lovlien, Bend.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Department of General Services (DGS) appeals the circuit court's decision reversing its order in other than a contested case. ORS 183.484; ORS 183.500. We remand for reinstatement of the DGS order.

In 1988, DGS sought bids for construction of a building in Bend. On the first page of the bid invitation, DGS informed potential bidders that

"MINORITY BUSINESS ENTERPRISE (MBE) AND WOMEN BUSINESS ENTERPRISE (WBE) SUBCONTRACTING GOALS are a requirement of this contract. All information on goals established for this project, or, if a good faith effort was made and bidder failed to meet the goals, 'good faith effort' documentation as required by ORS 200.045, must be submitted with bid."

The invitation stated that the goals for WBE subcontractors were two percent of the total contract dollar award. It informed bidders that the contract would be awarded to the lowest bidder who had either met the goals or who had made a good faith effort to comply with them. *See* ORS 279.029. A rebuttable presumption of good faith would arise if the bidder had performed ten listed actions. ORS 200.045(2) (*since amended by* Or Laws 1989, ch 1043, § 8); ORS 279.059(2) (*since amended by* Or Laws 1989, ch 1043, § 7). Conversely, if the bidder had not performed all ten actions, a rebuttable presumption would arise that good faith efforts had not been made. ORS 279.059(2). DGS gave bidders a checklist of the ten actions to fill out if they did not meet the goals.

Petitioner submitted the lowest bid. It did not, however, meet the two percent goal for WBE. Its president, Keeton, signed a statement saying that it had made a good faith effort and filled out the checklist asserting that it had completed nine of the ten actions, but had not advertised for subcontractors. DGS wrote petitioner:

"You agreed to review your efforts to achieve the WBE goals and to provide further documentation to this office so a determination can be made that 'good faith' effort requirements have been fulfilled."

Keeton wrote back:

"This is our first time to bid on a State project where it is

suggested to advertise in a paper for WBE and MBE Contractors. By the time we were aware of the need to do so, it was too late to be of value. However, we felt we would be able to achieve the 2% goal of WBE by our efforts of letters, phone calls, word of mouth through suppliers we were talking with and etc. The reason this did not acquire bids from WBE contractors is the quantity of work going on in Oregon at this time. The WBE contractors are so busy doing and biding [*sic*] other work, they did not have time for this job in Central Oregon."

He told DGS that he had written and called five WBE subcontractors that he knew worked in central Oregon.

Keeton testified that he did not think that advertising was required. He attended a pre-bid conference but was late and missed the part about MBE and WBE goals. He did not look at the statutes.

DGS rejected petitioner's bid.[1] Petitioner sought review in the circuit court, ORS 183.484, which granted petitioner a partial summary judgment. It concluded that petitioner had rebutted the presumption by demonstrating a good faith effort to meet WBE goals. After a hearing on damages, it awarded $1,600, the cost of preparing the bid. It also awarded petitioner $2,000 in costs and attorney fees.

■ The circuit court's review was for substantial evidence and errors of law. ORS 183.484. We review its decision to determine whether it properly applied its standard of review. *United Citizens v. Environmental Quality Comm.*, 104 Or App 51, 799 P2d 665 (1990).

■ "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.484(4)(c). A reasonable person could conclude that petitioner did not rebut the presumption. Keeton told DGS that petitioner learned of the need to advertise after it was too late to do any good. The record does not indicate when the information on the WBE goals became available to bidders, but Keeton testified that "it was not last minute." He did not learn the rules at the pre-bid meeting, because he arrived too late. DGS reasonably could conclude that contacting five WBE subcontractors

---

[1] None of the bids was accepted.

known to do work in the area was insufficient to make up for its failure to advertise, which would have given WBE subcontractors desiring to break into the central Oregon market an opportunity to bid. *See* ORS 200.015 (*since amended by* Or Laws 1989, ch 1043, § 2). The circuit court erred in substituting its judgment for DGS's and applying a *de novo* review standard. Substantial evidence supports DGS's determination.

The court awarded petitioner attorney fees under ORS 183.497(1)(a), which allows a court to award attorney fees if the court finds in a petitioner's favor. Our reversal of the circuit court judgment requires reversal of the award. *See Blackman v. MVD,* 90 Or App 408, 414, 752 P2d 1241, *rev den* 306 Or 660 (1988).

Reversed and remanded with instructions to reinstate the order of the Department of General Services.