Submitted on record and briefs February 19, reversed August 18, reconsideration
denied November 10, petition for review denied December 7, 1993 (318 Or 170)

William PORTELLO,
*Respondent,*

*v.*

OREGON STATE SYSTEM OF
HIGHER EDUCATION,
*Appellant.*

(16-91-10302; CA A75341)

858 P2d 145

CJS, Colleges and Universities § 27.

Charles S. Crookham, Attorney General, Virginia L.
Linder, Solicitor General, and John T. Bagg, Assistant Attor-
ney General, Salem, filed the brief for appellant.

William L. Portello, Eugene, filed the brief *pro se.*

Before Deits, Presiding Judge, and Riggs and Durham,
Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant, the Oregon State System of Higher Education (Education) appeals a circuit court judgment reversing its order holding that plaintiff did not meet the residency requirements that would qualify him for the tuition rates of an Oregon resident at the University of Oregon Law School. We reverse.

The facts are not in dispute. Plaintiff enrolled at the University of Oregon Law School in the fall of 1990. In May of that year, he obtained a residential lease in Eugene that was to begin in July. In August, he moved from California to Eugene for the purpose of attending school. Plaintiff wished to participate in the United States Navy Judge Advocate program (JAG). He was told that he was scheduled to attend an Officer Indoctrination School in Rhode Island in June, 1991. In May, 1991, he returned to California to undergo induction procedures for entry into the Navy. However, he was notified on June 14 that his attendance at the Officer Indoctrination School had not been approved because of the results of his physical examination. He was asked to remain in California pending the resolution of his status with the Navy. During this time, plaintiff worked for the City of Davis, California. In July, 1991, he was notified by the Navy that he was physically disqualified from the JAG program.

On July 22, 1991, plaintiff was the victim of a crime in Sacramento. He remained in Sacramento until July 27 in order to cooperate with the local police. He worked at another location in California from July 27 until August 18. He returned to Eugene to begin his second year of law school on August 19, 1991. He remained in Eugene through the school year except for an 8-day vacation in California. During his attendance at law school, plaintiff registered to vote in Oregon, obtained an Oregon driver's license, registered his vehicle in Oregon and maintained checking and savings accounts in Oregon banks.

In August, 1991, plaintiff applied to the university for a determination of Oregon residency, for purposes of tuition. A hearing was held and an order issued denying his request on the ground that he did not meet the residency requirements of OAR 580-10-030. As explained in the order:

"Residency for purposes of tuition payments in Oregon must be based on consideration of all relevant objective factors, including abandonment of prior out-of-state residence, history and duration of non-educational activity in Oregon, sources of financial support, as well as location of family, ownership of real property in Oregon, location of household goods in Oregon, and paying Oregon income tax as an Oregon resident. OAR 580-10-030. A fundamental requirement of establishing residency under the Board rules is that a person have a bona fide fixed and permanent *physical* presence established and maintained in Oregon of not less than 12 consecutive months immediately prior to the term for which resident status is requested. OAR 580-10-030(2).

"* * * * *

"Prior to being in Oregon for 12 months, [plaintiff] returned to California, both to advance his application process to join the JAG Student Program, and to vacation and work. While [plaintiff] can point to other objective indicia of securing an Oregon residence and domicile, he cannot establish the threshold requirement of 12 continuous months presence in Oregon. Additionally, there is no objective criteria that conclusively establishes Oregon as the place where [plaintiff] intends to remain. The record of his activities in California during the summer of 1991, is equally, if not more, consistent with a determination of continued California residence." (Emphasis in original.)

Plaintiff appealed the decision to circuit court. The court reversed Education's decision and ordered it to classify plaintiff as an Oregon resident beginning in the fall of 1991. Education appeals that order on the ground that the trial court exceeded its scope of review.

The agency's order was an order in other than a contested case. Judicial review of such orders is governed by ORS 183.484(4), which provides:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b)   The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)   Outside the range of discretion delegated to the agency by law;

"(B)   Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)   Otherwise in violation of a constitutional or statutory provision.

"(c)   The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

The reasons given by the trial court for reversing the agency decision were that

"plaintiff demonstrated Oregon domicile; that plaintiff did not leave the state with the intent to establish domicile elsewhere; that under the promulgated Oregon Administrative Rules, the Order denying plaintiff resident status was arbitrary, without merit, and that plaintiff was entitled to classification as a resident."

■   Our review of the trial court's decision is governed by ORS 183.500, which provides that appeals from circuit court of agency orders "shall be taken in the manner provided by law for appeals from the circuit court in suits in equity."[1] *See Keeton-King Construction v. State of Oregon*, 105 Or App 41, 802 P2d 711 (1990), *mod* 106 Or App 663, 809 P2d 708 (1991); *United Citizens v. Environmental Quality Comm.*, 104 Or App 51, 799 P2d 665 (1990), *rev den* 311 Or 151 (1991). We agree with Education that the trial court exceeded its scope of review. None of the grounds for reversal given by the trial court come within its permissible scope of review under ORS 183.484.

---

[1] As the Supreme Court noted in *Oregon Env. Council v. Oregon State Bd. of Ed.*, 307 Or 30, 38, 761 P2d 1322 (1988), the provisions of the Administrative Procedures Act (APA) regarding the proper scope of review of orders in other than a contested case are the product of an earlier time in which circuit courts reviewed agency orders as matters in equity. The court noted that the practical operation of these provisions under the present version of the APA is not entirely clear.

■ Plaintiff argues that the trial court decision to set aside the agency's order was correct, because the agency made a number of legal errors. First, he argues that Education erroneously interpreted its administrative rule, OAR 580-10-030(2), when it classified him as a nonresident. He argues that the agency applied a so-called "twenty-one day rule," rather than the requirements of OAR 580-10-030, that provides, in part:

"(1) For purposes of admission and instruction fee assessment, Department institutions shall classify all students (except students attending a summer session) as Oregon resident or nonresident.

"(2) For this purpose, an Oregon resident is a person with a bona fide fixed and permanent physical presence established and maintained in Oregon of not less than twelve consecutive months immediately prior to the term for which residence status is requested. Determination of residence includes finding it to be the place where the person intends to remain and to which the person expects to return when leaving Oregon without intending to establish a new domicile elsewhere and shall be based on consideration of all relevant objective factors, including but not limited to:

"(a) Abandonment of prior out-of-state residence;

"(b) History, duration and nature of non-educational activities in Oregon;

"* * * * *

"(d) Location of family;

"* * * * *

"(f) Location of household goods in Oregon;

"(g) Filing of Oregon income tax return as an Oregon resident; and

"(h) State vehicle and voter registration. Residence is not established by mere attendance at an institution of higher education and physical presence in the state while attending such an institution.

"(3) The criteria established in section (2) of this rule shall also be used to determine whether a person who has moved from the state has established a non-Oregon residence."

Plaintiff is correct that the rule does not include a 21-day requirement. However, nothing in Education's order

indicates that it considered such a requirement. Rather, it applied the pertinent factors of the rule. The agency found that plaintiff was not in the state for the 12 months immediately preceding the term for which he applied for resident status. It also found that he did not demonstrate that his presence in Oregon was consistent with an intent to establish an Oregon domicile, but that his reason for residing in Oregon was to continue his educational activities. Finally, it found that plaintiff did not prove that Oregon was the place where he intended to remain. The appropriate factors were considered by Education, and its findings support the conclusion that plaintiff did not establish Oregon residency for purposes of tuition.

Plaintiff also argues that the trial court was correct, because the agency erred as a matter of law in holding that he did not come within the exception to the 12-month residency requirement in OAR 580-10-035 for persons in the military service. That rule provides that "[a]n Oregon resident entering the armed services retains Oregon residence classification until it is voluntarily relinquished." However, as Education found:

"While [plaintiff's] support materials evidence personal feelings of obligation to the U.S. Navy, there is no showing of commission or enlistment into the Navy, nor of any assignment to the duty within Oregon. It is clear that [plaintiff's] intent is to join the JAG Student Program of the Department of Navy. However, an intent to join does not satisfy the requirements of OAR 580-10-035 and therefore [plaintiff's] argument regarding his relationship to the Department of Navy does not satisfy the regulatory requirement."

Again, Education's findings support its legal conclusion that plaintiff did not come within the exception in OAR 580-10-035.

Plaintiff also argues that Education's residency requirement for purposes of tuition violates Article I, section 20, of the Oregon Constitution, as well as Article I, section 8, of the United States Constitution. Those arguments are without merit.

We conclude that the trial court erred in reversing Education's order.

Reversed.