Argued and submitted June 24, 1998, reversed and remanded with instructions
February 3, 1999

Steven L. POLASKI,
*Respondent,*

*v.*

Shirley M. CLARK,
Vice Chancellor for Academic Affairs for
Oregon State System of Higher Education,
and Interinstitutional Residency Committee,
an Oregon administrative body,
*Appellants.*

(9607-05627; CA A95928)

973 P2d 381

Christine Chute, Assistant Attorney General, argued the cause for appellants. With her on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Wendy M. Margolis argued the cause for respondent. With her on the brief were Thomas W. Brown and Cosgrave, Vergeer & Kester, LLP.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The Interinstitutional Residency Committee of the Oregon State System of Higher Education (OSSHE) denied petitioner's application to be classified as an Oregon resident for the purpose of tuition for the 1996 winter term at Portland State University. Petitioner appealed, and the Vice Chancellor for Academic Affairs issued an order denying the application.[1] Petitioner sought circuit court review. On cross-motions for summary judgment, the court granted petitioner summary judgment and reversed the vice chancellor's order, determining that petitioner was a resident before January 1996. The court awarded $6,844 to petitioner for excess tuition and $2,500 for attorney fees. We review to determine whether the circuit court properly applied its standard of review, *Harris v. Board of Higher Education*, 145 Or App 477, 478, 930 P2d 873 (1996), and reverse.

In January 1996, when petitioner applied for status as an Oregon resident, he submitted the required affidavit. That affidavit showed that petitioner graduated from high school in New Mexico in 1987 and entered the United States Air Force from California in 1989. He was stationed at various locations and was at Columbia, Maryland, from November 1994 to August 21, 1995. For the 12 months before his application for residency, he had income of $60,000, including $40,000 support from unspecified "outside sources" and $20,000 in "self-support." He had no support from his parents or a legal guardian. In November 1994, petitioner designated his residency as Oregon on his military pay records, and his affidavit stated:

> "From October 1994, when I decided to become an Oregon resident upon my discharge, I did all I could to be an Oregon resident. I registered to vote, registered my vehicle, got an Oregon driver's license and changed my tax status to Oregon. I have recently even purchased my first home in

---

[1] We refer to the vice chancellor and the committee as respondents, as they were in circuit court. OSSHE is under the jurisdiction of the Oregon State Board of Higher Education. ORS 352.002. Members of the Board are appointed by the governor, ORS 351.020, and they, in turn, appoint the chancellor as the Board's administrative officer. ORS 351.075(1). The chancellor may appoint such personnel as are necessary to perform the chancellor's duties. ORS 351.085.

Portland, and intend to make Oregon my residence both now and in the future."[2]

On summary judgment, petitioner asserted that his passive income was treated as Oregon income, and taxed accordingly, and supplied a copy of an Oregon tax return signed by an accountant, dated April 26, 1996, but not signed by petitioner.[3]

OSSHE has promulgated rules for classification as an Oregon resident for purposes of tuition. OAR 580-010-0030,[4] as relevant, provides:

"(1)  For purposes of admission and instruction fee assessment, OSSHE institutions shall classify a student as Oregon resident or nonresident. In determining resident or nonresident classification, the primary issue is one of intent. If a person is in Oregon primarily for the purpose of obtaining an education, that person will be considered a nonresident. For example, it may be possible for an individual to qualify as a resident of Oregon for purposes of voting or obtaining an Oregon driver's license and not meet the residency requirements established by these rules.

"(2)  An Oregon resident is a financially independent person who, immediately prior to the term for which Oregon resident classification is requested:

"(a)  Has established and maintained a domicile in Oregon of not less than 12 consecutive months; and

"(b)  Is primarily engaged in activities other than those of being a college student[.]"

OAR 580-010-0029 defines "domicile," and OAR 580-010-0031 identifies factors that may be considered in determining residency, including the ones relevant here—voter and vehicle registration, driver's license, and payment of Oregon taxes.

---

[2] Petitioner did not provide documentation of the home purchase.

[3] There is no dispute here regarding the facts. In the review of an order in other than a contested case, circuit courts may develop an evidentiary record against which to evaluate the agency's decision. *Norden v. Water Resources Dept.*, 158 Or App 127, 134-35, 973 P2d 910 (1999).

[4] All references, including those in quotations, to the OAR are to the current numbers.

In denying petitioner resident status, the vice chancellor stated:

"[Petitioner] seeks resident classification as a financially independent person. Two major requirements must be fulfilled in order to establish Oregon residency for purposes of tuition: a person must have been in Oregon for at least twelve consecutive months, and must have been 'primarily engaged in activities other than those of being a college student' during that time. OAR 580-010-0030(2)."

The vice chancellor concluded:

"[Petitioner] was not continuously in Oregon during the twelve months prior to his request for resident classification. * * * [He] received an Oregon Driver's License, registered his car, and registered to vote. However, these factors 'standing alone, do not constitute sufficient evidence to effect classification as an Oregon resident.' OAR 580-010-0031(2)."

In reversing, the circuit court disagreed with the vice chancellor's interpretation of the relevant rules:

"I think that the OARs are clear that the intent of the determination of residency is based on the primary issue of one of intent as its states, and that when we look at [the factors that may be considered in determining residency in OAR] 580-010-0031(2) it says none of these standing alone. It doesn't say but collectively they shouldn't and couldn't be reviewed in total.

"The evidence before me and before [the vice chancellor] clearly establishes an intent to establish residence here, and that a slavish attention to parts of that ruling is not warranted. There is no requirement of physical continuous * * * [p]resence * * * in the state during the 12-month period."

At the hearing on attorney fees, the court reiterated the basis of its ruling:

"As you know, an Oregon resident can show residency in ways other than simply maintaining a physical presence within Oregon for the requisite period of time. I ruled as I did because I found that [petitioner] met [his] burden establishing residency for the requisite period of time based on these other criteria. I stopped short of a finding that the

State was unreasonable[,] notwithstanding the State's slavish adherence to a single factor, that of physical presence in the state, to determine whether or not [petitioner] had met his residency requirement."

We agree with respondents that the court exceeded its standard of review when it did not limit its decision to whether the agency's determination was consistent with the rules. On a petition for judicial review of an order in other than a contested case, the circuit court reviews for substantial evidence and errors of law. ORS 183.484(4). Here, the circuit court disagreed with the agency's interpretation of the rules, and, having concluded that the agency applied the wrong legal standard, the court then made its own finding about petitioner's intent to establish residency. That was error. The court should have remanded the case to the agency to allow it to apply the correct legal standard. ORS 183.484(4)(a)(B); *Keeton-King Construction v. State of Oregon*, 106 Or App 663, 665, 809 P2d 708 (1991). However, because we determine that the vice chancellor did not err in the interpretation, no remand to the vice chancellor for that purpose is required. We turn to the merits.

■ Respondents' first two assignments, argued together, are that the court erred in granting petitioner's motion for summary judgment and in denying respondents' motion for summary judgment. Respondents contend that the circuit court erred in finding that the vice chancellor's interpretation of the rules was erroneous.[5] We interpret an agency's rules to determine the intent of the body that promulgated them, *Osborn v. PSRB*, 325 Or 135, 145, 934 P2d 391 (1997), applying the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

Respondents argue that the circuit court erred when it focused on the intent of the applicant "to establish residency." We agree that, under OAR 580-010-0030(1), that is not the relevant inquiry. Rather, the inquiry pertains to the

---

[5] Contrary to respondents' argument, this is not a case where we defer to the agency's interpretation, because the body promulgating the rule was not the body interpreting it. *See Dunning v. Corrections Facility Siting Authority*, 325 Or 269, 277 n 4, 935 P2d 1209 (1997), and n 1 above; *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994).

applicant's primary intent in coming to Oregon: "The primary issue is one of intent. If a person is in Oregon primarily for the purpose of obtaining an education, that person will be considered a nonresident."[6] Subsection 2 then sets out what the financially independent person must show to demonstrate that she or he intended to come to Oregon for reasons other than education. OAR 580-010-0030(2) requires the person to show that, before the term for which residency is sought, the person has "established and maintained a domicile in Oregon of not less than 12 consecutive months" and that the person has been "primarily engaged in activities other than those of being a college student[.]" The circuit court's interpretation ignores the mandatory requirements of OAR 580-010-0030(2).

■    Petitioner contends, however, that the vice chancellor's interpretation is inconsistent with the language of OAR 580-010-0030(2) because the rule does not require that a person be continuously "in" Oregon for 12 consecutive months. Petitioner argues that the rule requires only that a person establish a domicile that, petitioner contends, "denotes only the location of a person's permanent *home*, not the location of the actual person." We disagree because, in our view, the rule does denote more than a home. OAR 580-010-0029(1) defines "domicile" as

> "a person's true, fixed, and *permanent home and place of habitation*. It is the place where a person intends to remain and to which the person expects to return when the person leaves without intending to establish a new domicile elsewhere." (Emphasis added.)

The rule does not demand an uninterrupted physical presence by the person for 12 months, but it does demand an uninterrupted "presence" even though the person is physically absent. The vice chancellor's articulation of the requirement of domicile as "continuous presence" accurately interprets the requirement of domicile as "the place where a person intends to remain and to which the person expects to return[.]"

---

[6] The example in the rule clarifies that evidence of residency for other purposes is not controlling in the determination of residency for tuition purposes.

■ Petitioner contends that the vice chancellor also misinterpreted OAR 580-010-0031(2), which provides:

"The following factors, standing alone, do not constitute sufficient evidence to effect classification as an Oregon resident:

"(a)   Voting or registration to vote;

"(b)   Employment in any position normally filled by a student;

"(c)   The lease of living quarters;

"(d)   Admission to a licensed practicing profession in Oregon;

"(e)   Automobile registration;

"(f)   Public records, for example, birth and marriage records, Oregon driver's license;

"(g)   Continuous presence in Oregon during periods when not enrolled in school;

"(h)   Ownership of property in Oregon, or the payment of Oregon income or other Oregon taxes; or

"(i)   Domicile in Oregon of the student's spouse[.]"

The vice chancellor noted that petitioner had obtained an Oregon driver's license and car registration and had registered to vote in Oregon while he was on military duty in Maryland. However, pursuant to the rule, the vice chancellor held that "these" factors "standing alone, do not constitute sufficient evidence to effect classification as an Oregon resident." Petitioner contends that, under that interpretation, "even *collectively*, the factors listed under that provision could never be probative of a claim for resident status." (Emphasis petitioner's.)

However, that is what the rule provides. Subsection 2 does not state that "any of the following factors, standing alone" is insufficient. The text uses the plural: "[t]he following *factors*, standing alone, *do* not constitute sufficient evidence to effect classification as an Oregon resident." Furthermore, in contrast to subsection 2, OAR 580-010-0031(1) provides the factors that "have probative value" in support of residency:

"The following factors, although not necessarily conclusive or exclusive, have probative value in support of a claim for Oregon resident classification:

"(a) Be primarily engaged in activities other than those of a student and reside in Oregon for 12 consecutive months immediately prior to the beginning of the term for which resident classification is sought;

"(b) Reliance upon Oregon resources for financial support;

"(c) Domicile in Oregon of persons legally responsible for the student;

"(d) Acceptance of an offer of permanent employment in Oregon; and

"(e) Ownership by the person of his or her living quarters in Oregon."

Thus, considering text and context, to establish residency, a person must show more than the presence of the factors listed in OAR 580-010-0031(2), either singly or collectively.

The vice chancellor correctly interpreted the rules in denying petitioner resident status, and the circuit court erred in concluding otherwise. Petitioner does not assert that there is not substantial evidence to support the vice chancellor's findings. The circuit court erred in granting summary judgment to petitioner and denying summary judgment to respondents. Because of our determination, it follows that the court's awards of tuition and attorney fees are reversed.

Reversed and remanded with instructions to reinstate Vice Chancellor's order.