243 P.3d 865 (2010)
239 Or. App. 161
Stephanie A. DEATHERAGE, Petitioner-Respondent Cross-Appellant,
v.
George P. PERNSTEINER, on behalf of Oregon University System, Respondent-Appellant Cross-Respondent.
080303634; A140397.
Court of Appeals of Oregon.
Argued and Submitted September 2, 2010.
Decided November 24, 2010.
*867 Jamie K. Contreras, Assistant Attorney General, argued the cause for appellant-cross-respondent. With her on the briefs were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Kevin C. Brague, Tigard, argued the cause for respondent-cross-appellant. With him on the briefs was The Brague Law Firm, LLC.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and DUNCAN, Judge.
DUNCAN, J.
Petitioner, a student at Portland State University, petitioned to be classified as an Oregon resident for tuition purposes. The State Board of Higher Education (board)acting through the Chancellor of the Oregon University Systemissued an order denying petitioner resident status. Petitioner sought judicial review of the chancellor's order in circuit court. The circuit court reversed the chancellor's order and remanded the matter to the board. Petitioner subsequently sought attorney fees, which the circuit court denied.
In this court, the board appeals the circuit court's reversal of the chancellor's order denying petitioner resident status, and petitioner cross-appeals the circuit court's denial of attorney fees. We review the circuit court's review of the chancellor's order to determine whether the circuit court properly applied the relevant standards of review. Polaski v. Clark, 158 Or.App. 166, 168, 973 P.2d 381 (1999). The circuit court's task was to review the chancellor's order for substantial evidence and errors of law. ORS 183.484(5); Polaski, 158 Or.App. at 171, 973 P.2d 381. We conclude that the circuit court erred by unnecessarily considering petitioner's constitutional challenge to the board's residency rules when there was a subconstitutional basis for affirming the chancellor's order. That conclusion renders petitioner's cross-appeal of the denial of attorney fees moot. Accordingly, we reverse and remand on the appeal and dismiss the cross-appeal.
The relevant facts are undisputed. Petitioner was born and raised in Oklahoma. After graduating from high school, she attended Oklahoma Christian University (OCU). Petitioner had to leave OCU twice due to systemic lupus erythematosus, a chronic progressive illness that causes rashes, ulcers, pleurisy, arthritis, and fatigue. Petitioner's lupus-related symptoms are reduced by living in a climate with cloudy days, northern latitude, and temperatures moderated by proximity to the ocean.
In late August 2005, petitioner moved to Portland, rented an apartment, and enrolled at Cascade College, a branch campus of OCU. She also bought a car and registered it with the Oregon Driver and Motor Vehicles Services Division (DMV). Petitioner was 22 years old and financially independent. Due to her lupus, petitioner received Social Security disability payments. She used an Oklahoma credit union for her checking and savings accounts.
Petitioner attended Cascade College for the school year, from August 29, 2005 through April 28, 2006. She was a full-time student; she took more than 12 hours of classes each semester. While in school, petitioner obtained an Oregon driver's license and registered to vote in Oregon. After the *868 school year ended, petitioner put her belongings in storage and returned to Oklahoma for the summer to obtain medical treatment and visit family.
In August 2006, petitioner returned to Portland for her second year as a full-time student at Cascade College. She attended school from August 28, 2006 through April 27, 2007, and again took more than 12 hours of classes each semester. After the school year ended, petitioner left her belongings in a shared apartment and again returned to Oklahoma for the summer to obtain medical treatment and visit family. She was in Oklahoma from May 1, 2007 through August 31, 2007.
In the fall of 2007, petitioner returned to Portland and enrolled at Portland State University. She claimed Oregon residency and sought in-state tuition. The Interinstitutional Residency Committee (IRC) denied her request for resident status on the ground that, under the relevant administrative rules, petitioner was not a resident for tuition purposes.
Petitioner appealed the IRC's decision to the board. Acting for the board, the chancellor issued an order denying petitioner resident status. In the order, the chancellor stated that, because petitioner had been a full-time student, she was presumed to be in Oregon for educational purposes and, therefore, was a nonresident. The chancellor further stated that petitioner had not rebutted that presumption because she had not "given up her residence in Oklahoma." Specifically, the chancellor reasoned:
"A financially independent student must fulfill two requirements in order to establish Oregon residency for purposes of tuition. Prior to the term for which residency status is sought, the person must have `established and maintained a domicile in Oregon of not less than 12 consecutive months' and must have been `primarily engaged in activities other than those of being a college student' during that time. OAR XXX-XXX-XXXX(2).
"When a financially independent student has been enrolled for more than eight hours per semester or quarter, the student is presumed to be in Oregon primarily for educational purposes. OAR XXX-XXX-XXXX(3). In addition, the student may not use the time period of enrollment above eight hours per term as counting toward the twelve consecutive month requirement for establishing domicile.
"Since moving to Oregon, [petitioner] has been a full-time student at Cascade College and Portland State University. This fact creates a presumption that [petitioner] moved to Oregon primarily for education purposes. Her presence in Oregon as a full-time student may not be counted toward the requirement that she establish a domicile for twelve consecutive months.
"Although [petitioner's] systemic lupus is alleviated in Oregon, she continues to receive medical care in Oklahoma. She continues to bank in Oklahoma. She also spent extensive time during 2007 in Oklahoma, indicating that she has not given up her residence in Oklahoma. The fact that [petitioner] has registered her car in Oregon and votes in Oregon are insufficient to overcome the presumption that [petitioner] moved to Oregon for primarily educational purposes."
Petitioner sought judicial review of the chancellor's order pursuant to ORS 183.484. She moved for summary judgment, arguing that the chancellor's order was not supported by substantial evidence and that the residency rulesin particular, OAR XXX-XXX-XXXX(2) and (3)were unconstitutional as applied to her because they created an irrebuttable presumption against resident status for students who attend an Oregon college or university within 12 months of moving to the state. In support of her constitutional argument, petitioner cited Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), in which the United States Supreme Court held that a state cannot create an irrebuttable presumption that students who move to the state shortly before enrolling in school are nonresidents; it must afford them an opportunity to establish that they are residents and not just in the state for educational purposes. A state may not "arbitrarily invoke a permanent and irrebuttable presumption of nonresidence against students who [seek] to obtain in-state tuition rates when that presumption *869 [is] not necessarily or universally true in fact." Sosna v. Iowa, 419 U.S. 393, 409, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (describing the Vlandis holding).
The board responded with a cross-motion for summary judgment, arguing that the chancellor's order was supported by substantial evidence and that the residency rules contained valid criteria for determining a student's residency status. In response to petitioner's constitutional argument, the board argued that the presumption created by its residency rules was constitutional because it was rebuttable. According to the board, although a full-time student is presumed to be in Oregon primarily for educational purposes and, therefore, a nonresident, a student can rebut that presumption by proving, through objectively verifiable facts, that he or she is in the state primarily for reasons other than obtaining an education.
The circuit court sent the parties a letter, asking them to respond to what it believed was "the primary issue for consideration: Does OAR XXX-XXX-XXXX(2)(b) create an irrebuttable presumption that violates the Due Process Clause?" (Boldface omitted.) The court set out the relevant rules and explained that it appeared that the rules create an irrebuttable presumption of nonresidency:
"OAR XXX-XXX-XXXX(2) provides:
"`An Oregon resident is a financially independent person who, prior to the term for which Oregon resident classification is requested, has both: (a) established and maintained a domicile in Oregon as provided under OAR XXX-XXX-XXXX(1) 12 consecutive months; and (b) during that period has been primarily engaged in activities other than those of being a college student.' (Emphasis added.)
"OAR XXX-XXX-XXXX(3) provides:
"`A student may be considered primarily engaged in educational activities regardless of the number of hours for which the student is enrolled. However, a student who is enrolled for more than 8 hours in any semester or quarter during the 12-month period referred to in section (2) of this rule shall be presumed in Oregon for primarily educational purposes. Such period of enrollment shall not be counted toward the establishment of a bona fide domicile of 12 consecutive months in the state unless the student proves, in fact, establishment of a bona fide domicile in this state primarily for purposes other than educational.' (Emphasis added.)
"Thus, pursuant to the second sentence of subsection (3), it is presumed that a student who is enrolled for more than 8 hours during the 12-month period prior to application for resident status is in Oregon for primarily educational purposes, such that that 12-month period cannot be counted in calculating the 12-consecutive-months requirement of subsection (2)(a). But the third sentence of subsection (3) allows that presumption to be rebutted if `the student proves, in fact, establishment of a bona fide domicile in the state primarily for purposes other than educational,' in which case the period of enrollment could be counted in calculating the 12-consecutive-months requirement of subsection (2)(a). Both the presumption established in subsection (3) and recognition of the student's ability to rebut that presumption, also found in subsection (3), are applicable to determining what the applicant's primary purpose was during [the] 12-consecutive-months period set out in subsection (2)(a).
"That appears to leave the requirement of subsection (2)(b) without any qualification. Subsection (2)(b) requires, as a mandatory condition of Oregon residency, that during the 12-consecutive-months period, the applicant `has been primarily engaged in activities other than those of being a college student.' Therefore, an applicant whose activities have been primarily as a student during the year preceding application is automatically disqualified for residency status, even if the student can rebut the subsection (3) presumption that his purpose for being in Oregon [is] not primarily educational. While subsection (3) both creates a presumption, and the ability to overcome that presumption, both of those pertain only to subsection (2)(a).

*870 "The above said, does not subsection (2)(b) then automatically and irrefutably disqualify an applicant whose activities have been primarily educational in the 12-consecutive-months period from obtaining a resident status? And, if so, does that not violate the Due Process Clause? Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973).
"If subsection (2)(b) is unconstitutional, does that end the analysis?
"Assuming that the court were to find subsection (2)(b) unconstitutional, what are the ramifications with regard to petitioner's application for residency status? Is the court to consider other regulatory provisions that might disqualify petitioner from residency status, or would the unconstitutionality of one provision become, in itself, determinative?"
(Emphasis in original; boldface in original.)
After receiving the parties' responses to its letter, the circuit court issued an order stating, "For the reasons set out [in the letter], the court finds that OAR XXX-XXX-XXXX(2)(b) creates an irrebuttable presumption that violates the Due Process Clause of the United States Constitution." In other words, the circuit court found the second residency requirementthat, during the 12-month period for establishing a domicile, a person "has been primarily engaged in activities other than those of being a college student"was unconstitutional. It remanded the matter to the board "to reconsider petitioner's application for resident status, which consideration shall not include the requirement established by OAR XXX-XXX-XXXX(2)(b)." Petitioner subsequently filed a petition for attorney fees, which the circuit court denied. This appeal and cross-appeal followed.
As mentioned, we review the circuit court's judgment to determine whether the circuit court properly reviewed the chancellor's order for substantial evidence and errors of law. ORS 183.484(5)[1]; Polaski, 158 Or.App. at 171, 973 P.2d 381. On appeal, the board makes two arguments. First, it argues that the circuit court's constitutional analysis was unnecessary. It argues that, because the chancellor found that petitioner "[had] not given up her residence in Oklahoma" and that finding is supported by substantial evidence, the chancellor properly concluded that petitioner had not established a domicile in Oregon and, therefore, failed to satisfy the first residency requirement. From there, the board argues that, because petitioner failed to satisfy the first residency requirement, it was unnecessary for the circuit court to determine whether the second residency requirement was constitutional.
The board's second argument is that the circuit court's constitutional analysis was incorrect. According to the board, its residency rules do not create an unconstitutional irrebuttable presumption of nonresidency.
We begin our analysis by setting out the residency rules at issue. OAR XXX-XXX-XXXX provides, in part:
"(1) For purposes of admission and instruction fee assessment, OUS [Oregon University System] institutions shall classify a student as Oregon resident or nonresident. In determining resident or nonresident classification, the primary issue is a person's intent in coming to Oregon. Intent *871 is inferred from a person's conduct and history as they relate to the requirements of these residency rules. If a person is in Oregon primarily for the purpose of obtaining an education, that person will be considered a nonresident. It is possible for an individual to qualify as a resident of Oregon for purposes of voting or obtaining an Oregon driver's license and not meet the residency requirements established by these rules.
"(2) An Oregon resident is a financially independent person who, prior to the term for which Oregon resident classification is requested, has both: (a) established and maintained a domicile in Oregon as provided under OAR XXX-XXX-XXXX(1) 12 consecutive months; and (b) during that period, has been primarily engaged in activities other than those of being a college student.
"(3) A student may be considered primarily engaged in educational activities regardless of the number of hours for which the student is enrolled. However, a student who is enrolled for more than 8 hours in any semester or quarter during the 12-month period referred to in section (2) of this rule shall be presumed to be in Oregon for primarily educational purposes. Such period of enrollment shall not be counted toward the establishment of a bona fide domicile of 12 consecutive months in this state unless the student proves, in fact, establishment of a bona fide domicile in this state primarily for purposes other than educational."
OAR XXX-XXX-XXXX(1) defines "domicile" for the purposes of the residency rules. It provides:
"`Domicile' is a person's true, fixed, and permanent home and place of habitation. It is the place where a person intends to remain and to which the person expects to return when the person leaves without intending to establish a new domicile elsewhere. In order to establish a domicile in Oregon, a person must maintain a predominant physical presence in Oregon for 12 consecutive months after moving to the state."
OAR XXX-XXX-XXXX(1) identifies factors that have probative value in support of a claim for Oregon residency:
"The following factors, although not necessarily conclusive or exclusive, have probative value in support of a claim for Oregon resident classification:
"(a) Reside in Oregon for 12 consecutive months prior to the beginning of the term for which resident classification is sought and during that period be primarily engaged in activities other than those of a college student;
"(b) Reliance upon Oregon resources for financial support;
"(c) Domicile in Oregon of persons legally responsible for the student;
"(d) Acceptance of an offer of permanent employment in Oregon; and
"(e) Ownership by the person of his or her living quarters in Oregon."
The following subsection, OAR XXX-XXX-XXXX(2), identifies factors that, "standing alone, do not constitute sufficient evidence to effect classification as an Oregon resident," including "[v]oting or registration to vote," "[t]he lease of living quarters," "[a]utomobile registration," and obtaining an "Oregon driver's license." OAR XXX-XXX-XXXX(2)(a), (c), (e), (f).
Thus, in determining resident or nonresident status, the primary issue is the student's intent in coming to Oregon. OAR XXX-XXX-XXXX(1). If the person is in Oregon primarily for the purpose of obtaining an education, the person will be considered a nonresident. Id. OAR XXX-XXX-XXXX(2) establishes two residency requirements for a financially independent person; the person must have "established and maintained a domicile in Oregon as provided under OAR XXX-XXX-XXXX(1) 12 consecutive months" and, "during that period, [have] been primarily engaged in activities other than those of being a college student." To establish a domicile, a person must intend Oregon to be the person's "true, fixed, and permanent home" and "must maintain a predominant physical presence in Oregon for 12 consecutive months after moving to the state." OAR XXX-XXX-XXXX(1). A person may live in Oregon, *872 without being domiciled in the state, and may be a resident for some purposes, including voter registration and obtaining a driver's license, but not for tuition purposes. OAR XXX-XXX-XXXX(1).
As mentioned, the board's first argument on appeal is that the circuit court's constitutional analysis was unnecessary. The board argues that the chancellor's finding that petitioner "[had] not given up her residence in Oklahoma" was supported by substantial evidence and compelled the legal conclusion that petitioner had not established a domicile in Oregon, which, in turn, compelled the legal conclusion that petitioner was not an Oregon resident for tuition purposes. According to the board, the circuit court should have affirmed the chancellor's order on that ground. We agree.
A reviewing court should not address constitutional challenges to a rule if "'there is also present some other ground upon which the case may be disposed of.'" Ainsworth v. SAIF, 202 Or.App. 708, 711-12, 124 P.3d 616 (2005), rev. den., 341 Or. 216, 140 P.3d 1133 (2006) (quoting Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring)). Thus, the circuit court should not have considered petitioner's constitutional challenge to the residency rules if there was another basis for affirming or reversing the chancellor's order. Here, there was. As discussed, petitioner had to satisfy two residency requirements; she had to establish and maintain a domicile in Oregon for 12 months, and, during that time she had to have been primarily engaged in activities other than those of being a college student. OAR XXX-XXX-XXXX(2). The chancellor determined that petitioner failed to satisfy the first requirement; she had not established a domicile in Oregon. That determination, if supported by substantial evidence and based on correct interpretation of the law, was a sufficient basis for denying petitioner resident status. Therefore, the circuit court should have reviewed that determination before considering whether the second requirement was unconstitutional as applied to petitioner.
Rather than remand this case to the circuit court to review the chancellor's determination that petitioner failed to satisfy the first requirement, we review the determination ourselves, in the interest of judicial economy, because the review involves only questions of law: whether the chancellor's determination was supported by substantial evidence and whether it was based on a correct interpretation of the law.
First, we conclude that the chancellor's determination that petitioner had not established a domicile in Oregon was based on factual findings supported by substantial evidence. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.484(5)(c). Here, the chancellor found that petitioner "[had] not given up her residence in Oklahoma." That finding was supported by substantial evidence.
The undisputed evidence was that petitioner lived in Oregon for two school years, but as soon as the school years ended she returned to Oklahoma where she stayed for the entire summer. While in Oklahoma, she visited family and obtained medical care. Notably, petitioner did not transfer her medical care to Oregon. Nor did she transfer her bank accounts. From that evidence, a reasonable person could find that petitioner's actions were consistent with that of a person who was in Oregon primarily for educational purposes. In other words, from that evidence, a reasonable person could find that petitioner did not intend to make Oregon her "true, fixed, and permanent home." OAR XXX-XXX-XXXX(1). See Portello v. Oregon State System of Higher Education, 122 Or. App. 314, 858 P.2d 145, rev. den., 318 Or. 170, 867 P.2d 1384 (1993) (holding that the circuit court erred in reversing order denying student resident status where student attended law school in Oregon for one school yearduring which time he registered to vote in Oregon, obtained an Oregon driver's license, registered his vehicle in Oregon, and maintained checking and saving accounts in Oregon banksbut spent the following summer in another state).
*873 Petitioner asserts that she moved to Oregon for health reasons and that she intends to remain in Oregon permanently. There is evidence in the record to support petitioner's assertions. But, on judicial review, a reviewing court is not to reweigh the evidence and make its own factual findings. Tigard Sand and Gravel, Inc. v. Clackamas County, 151 Or.App. 16, 20, 949 P.2d 1225 (1997), rev. den., 327 Or. 83, 961 P.2d 217 (1998). It is not to substitute its judgment for that of the agency as to which of two or more permissible inferences should be drawn. City of Roseburg v. Roseburg City Firefighters, 292 Or. 266, 271, 639 P.2d 90 (1981). Instead, the question before the reviewing court "is limited to whether the evidence would permit a reasonable person to make the determination that the agency made in a particular case," Norden v. Water Resources Dept., 329 Or. 641, 649, 996 P.2d 958 (2000), and, as described, in this case there was evidence from which a reasonable person could find, as the chancellor did, that petitioner "[had] not given up her residence in Oklahoma." Therefore, the circuit court should have concluded that the chancellor's finding was supported by substantial evidence.
Second, the chancellor was correct in concluding, that, if petitioner had not given up her Oklahoma residence, she had not established a domicile in Oregon, OAR XXX-XXX-XXXX(2), and, therefore, she had failed to satisfy the first residency requirement. For that reason alone, the circuit court should have affirmed the chancellor's order.
Therefore, we conclude that the circuit court erred by reversing the chancellor's order. That conclusion renders petitioner's cross-appeal of the circuit court's denial of attorney fees moot. Accordingly, on the board's appeal, we reverse and remand with instructions to reinstate the chancellor's order, and, on petitioner's cross-appeal, we dismiss.
On appeal, reversed and remanded; cross-appeal dismissed as moot.
NOTES
[1] ORS 183.484(5) provides:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:
"(A) Set aside or modify the order; or
"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.
"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:
"(A) Outside the range of discretion delegated to the agency by law;
"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or
"(C) Otherwise in violation of a constitutional or statutory provision.
"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."