Argued and submitted December 23, 1992, affirmed on appeal; on cross-appeal, reversed and remanded for reconsideration of attorney fees October 6, 1993

In the Matter of the Marriage of

William Earl SHEEHAN,
*Appellant - Cross-Respondent,*
*and*

Pauline Jeanette SHEEHAN,
nka Stephenson,
*Respondent - Cross-Appellant.*

(23890; CA A75344)

860 P2d 835

Gregory C. Hansen, Salem, argued the cause for appellant - cross-respondent. With him on the brief were Erik E. Highberg and Crothers & Hansen, P.C., Salem.

Jeanean West Craig and Winslow, Alway & Craig, Salem, filed the briefs for respondent - cross-appellant.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Husband appeals an order dismissing his motion to set aside a portion of a dissolution judgment. Wife cross-appeals, contending that the trial court erred in failing to award attorney fees.[1] We affirm the trial court on the appeal, and reverse and remand on the cross-appeal.

Husband filed a petition for dissolution in the fall of 1977. He alleged that he was the father of the parties' child and requested that he be ordered to pay $100 per month as child support. Wife did not appear, and the court entered a dissolution judgment in May, 1978, determining that husband is the father of the child and ordering him to pay child support of $100 per month.

Thirteen years later, in 1991, husband moved, pursuant to ORCP 71B, to set aside that portion of the dissolution judgment pertaining to paternity and child support, on the basis of "fraud, misrepresentation, or other misconduct of an adverse party." Finding no basis to modify the judgment, the trial court granted wife's motion to dismiss. Husband appeals that order. Having reviewed the record, we affirm.

■   Wife contends in her cross-appeal that the trial court erred in failing to award attorney fees under ORS 20.105(1), which provides:

"In any civil action * * * the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

Under *Mattiza v. Foster*, 311 Or 1, 10, 803 P2d 723 (1990), an award of attorney fees is appropriate under ORS 20.105(1) if: (1) the party to whom attorney fees are to be awarded is a

---

[1] On May 17, 1993, we dismissed wife's cross-appeal for lack of prosecution. On June 9, 1993, wife moved for reconsideration of that order. We filed a decision in this case on July 21, 1993, without acting on wife's motion for reconsideration. On July 23, 1993, we withdrew our decision of July 21, 1993, allowed wife's motion for reconsideration and reinstated the cross-appeal.

prevailing party; (2) the claim, defense or ground for appeal or review is without merit; and (3) the party taking the meritless position has done so with an improper purpose. In *Mattiza*, the court emphasized that, when the trial court makes an award of attorney fees under ORS 20.105(1), it must make findings on each of the three criteria, in order to facilitate meaningful review by an appellate court.

■■ We review the trial court's decision *not to award* attorney fees for abuse of discretion. ORS 20.105(1). Without findings by the trial court as to why it chose not to award attorney fees, we are unable to meaningfully review the trial court's decision for abuse of discretion. Implicit in the Supreme Court's decision in *Mattiza* is the requirement that, *whenever* the trial court considers a request for attorney fees under ORS 20.105(1), it must make findings sufficient to allow for review, even if it decides not to award attorney fees. Here, the trial court had before it wife's request for attorney fees under ORS 20.105(1). It did not award attorney fees and did not make findings concerning any of the criteria. We therefore remand for the trial court to make the necessary findings.

Affirmed on appeal; on cross-appeal, reversed and remanded for reconsideration of attorney fees. Costs to wife on appeal and cross-appeal.