MULTNOMAH COUNTY,
a home rule subdivision of the
State of Oregon,
by and through its
Tax Collector, Janice Druian,
and its Tax Assessor, Robert Ellis,
*and*

CITY OF GRESHAM,
a municipal corporation,
*Intervenor,*

*v.*

DEPARTMENT OF REVENUE
*and*

ROMAN CATHOLIC ARCHBISHOP
OF THE ARCHDIOCESE OF
PORTLAND IN OREGON,
*Intervenor*

(TC 3650)

Sandra N. Duffy, Assistant Multnomah County Counsel, Portland, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, represented defendant.

Marc K. Sellers, Schwabe, Williamson & Wyatt, Portland, represented intervenor.

Decision for plaintiff rendered June 6, 1995.

## CARL N. BYERS, Judge.

This matter is before the court on motions for summary judgment by plaintiffs and intervenor City of Gresham (Gresham) and a cross motion for summary judgment by intervenor Roman Catholic Archbishop of the Archdiocese of Portland in Oregon (Archdiocese). Plaintiffs appeal from department's opinion and order for tax year 1992, which held that certain property owned by Archdiocese is exempt from a storm drainage user charge imposed by Gresham.

## FACTS

Archdiocese is a nonprofit religious corporation. The four properties involved in this appeal, identified in the pleadings and in the stipulation between Multnomah County and Archdiocese, are exempt from ad valorem taxation under ORS 307.140.[1]

On July 17, 1990, Gresham adopted Ordinance 1186 creating a citywide storm drainage system and authorizing a user charge against all "specially benefited" property within the city. On October 16, 1990, Gresham adopted a resolution

---

[1] All references to the Oregon Revised Statutes are to the 1991 Replacement Part.

establishing fees and charges for the storm drainage system.[2] By Notices of Assessment dated October 10, 1992, plaintiffs informed Archdiocese that a storm drainage user charge had been assessed against each of the subject properties. Archdiocese timely appealed from the assessments to defendant. After an administrative hearing, defendant ruled that the subject properties were exempt from the Gresham storm drainage user charges under ORS 307.140. Plaintiffs then appealed to this court.

## JURISDICTION

■ ■   Due to the local tax involved, the court raised the issue of jurisdiction on its own motion. ORS 305.410(1) is a general grant which gives this court jurisdiction over "all questions of law and fact arising under the tax laws of this state." If a taxpayer contests the validity of a locally imposed tax, jurisdiction is not in this court unless it is within a specific grant of jurisdiction, as in ORS 294.485 (Local Budget Law challenges). *Jarvill v. City of Eugene,* 289 Or 157, 613 P2d 1 (1980). However, issues of administration, as opposed to issues of validity, often come within the jurisdiction of this court. For example, ad valorem property taxes are levied by local ordinance, but are administered under state tax statutes and are clearly within jurisdiction of the court.

When questions arise under state statutes with regard to issues such as exemptions, valuation, assessment, collection or refunds, such questions are within the jurisdiction of the Tax Court. Usually, in such cases, the taxpayer is required to exhaust his or her administrative remedies before the Department of Revenue. ORS 305.275(4). In this case, the department ruled in the taxpayer's favor; and the assessor appealed to this court. The court finds it has jurisdiction of this appeal.

## ISSUE

The issue is whether ORS 307.140 exempts Archdiocese's properties from Gresham's storm drainage charges.[3]

---

[2] In *Dennehy v. City of Gresham,* 12 OTR 194, *aff'd on other grounds* 314 Or 600, 841 P2d 633 (1992), this court held that the Gresham storm drainage charge was a tax on property within the meaning of Article XI, section 11b (section 11b), of the Oregon Constitution and subject to the limitations imposed by that section.

[3] Plaintiffs are not seeking a determination of the effect of section 11b on the Gresham storm drainage charge. Such claims are governed by the special

## ANALYSIS

The relevant portion of ORS 307.140 provides:

"Upon compliance with ORS 307.162, the following property owned or being purchased by religious organizations shall be exempt from taxation:

"(1) All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. However, any part of any house of public worship or other additional buildings or property which is kept or used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property."

Although the wording of the exemption has changed over time, "[t]his provision reaches back to the territorial days, and antedates the birth of this state." *Corporation of Sisters of Mercy v. Lane Co.*, 123 Or 144, 164, 261 P 694 (1927). In this case, the age of the exemption merely adds to the difficulty of ascertaining legislative intent as to its scope.

In approaching the statute, it is well to remember basic principles.

"In interpreting a statute, the court's task is to discern the intent of the legislature. To do that, the court examines both the text and context of the statute." (Citations omitted.) *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

■ The text of the statute indicates that certain property is "exempt from taxation." Did the legislature mean *all* taxation? The rule in Oregon is that taxation is the norm and exemption is the exception. Consequently, exemptions are strictly construed. *SW Oregon Pub. Def. Services v. Dept. of Rev.*, 312 Or 82, 817 P2d 1292 (1991). In that light, a reasonable but strict construction of the statute would limit the exemption to ad valorem taxation. This construction is consistent with the context of the statute.

---

procedure set forth in ORS 305.580 *et seq*. Rather, plaintiffs' claim seeks a determination of the scope of the exemption provided by ORS 307.140.

As early as 1907 the state legislature enacted a comprehensive scheme for ad valorem property taxation. Or Laws 1907, chs 267-68. That system did not contemplate any other type of tax on property because Oregon's Constitution, Article I, section 32, requires taxation to be uniform and equal. As the court noted in *Portland v. Portland Ry., L. & P. Co.*, 80 Or 271, 300, 156 P 1058 (1916): "A property tax must be on an ad valorem basis, because it is a direct tax on property; * * *." In historical context, it appears the exemption was only for ad valorem property taxes.

■   The Gresham storm drainage charge is not an ad valorem tax. The charge is not related to value but is based upon the amount of impervious surface of a property. It is similar to a sewer charge of the type commonly imposed by many cities. Except for the definition in Article XI, section 11b, of the Oregon Constitution, it would probably not be considered a tax on property.

Adoption of section 11b required the 1991 Oregon Legislature to reevaluate and reexamine the whole property tax system.[4] One of the primary issues facing the legislature was how to coordinate all the taxes which fell within the limits of section 11b. By definition and direction, the legislature adopted an inclusive approach, drawing local taxes within the parameters of the state property tax system for purposes of collection.

"As used in the revenue and tax laws of this state, and for purposes of section 11b, Article XI of the Oregon Constitution:

"(1) 'Tax on property' means any tax, fee, charge or assessment imposed by any government unit upon property or upon a property owner as a direct consequence of ownership of that property, but does not include incurred charges or assessments for local improvements." ORS 310.140.

The legislature also required political subdivisions to classify their taxes, fees, charges and assessments for purposes of the limitations imposed by section 11b. ORS 310.145. Taxes, fees, charges and assessments which are classified as a tax on property within the meaning of section

---

[4] The resulting legislation, House Bill 2550, was 178 pages in length, and contained 452 sections of law. Or Laws 1991, ch 459.

11b must be certified to the assessor for collection. ORS 310.143. By this means, the legislature was able to avoid inadvertent violations of section 11b. Without such coordination, local taxes, fees, charges or assessments which section 11b defined as a tax on property might, when added to ad valorem taxes, exceed the constitutional limitation.

■    There is no indication the legislature intended to broaden exemptions or extend the coordination beyond the levy and collection process. To the contrary, language in ORS 310.143 suggests the legislature recognized that property exempt from ad valorem taxes would be subject to taxes which were not ad valorem.

> "Any tax on property that is imposed on property that is subject to ad valorem taxation by any unit of local government shall be certified to the assessor each year, as provided under ORS 310.060." ORS 310.143(1).

Under this provision, taxes on property which is *not* subject to ad valorem taxation do not have to be certified to the assessor. This implies that properties exempt from ad valorem taxation are nevertheless subject to taxes which are not ad valorem.[5]

Thus, under ORS 310.143, storm drainage fees which are imposed on property subject to ad valorem taxation must be certified to the assessor as to those properties. Storm drainage charges imposed on properties exempt from ad valorem taxation are not certified to the assessor but must be collected by another method. By these procedures, the legislature has included all taxes, including those which are not ad valorem, within the state system only to the extent necessary to comply with the limitations imposed by section 11b.

---

[5] This point was clarified by the 1993 legislature which amended ORS 310.143(1) to provide:

"Any tax on property that is imposed on property that is subject to ad valorem taxation by any unit of local government shall be certified to the assessor each year, as provided under ORS 310.060. Except as otherwise specifically provided by law, *any tax, fee, charge or assessment that* is not a tax on property or *is not imposed on property subject to ad valorem taxation shall not be certified to the assessor*. Each tax certified shall be certified in dollars and cents in either the total amount to be raised from all property in the unit, or in dollars and cents per property." (Emphasis added.)

■     The court concludes that the legislature did not intend ORS 307.140 to apply to fees, charges, assessments or taxes imposed which are not ad valorem. The court finds that the subject property is not exempt from Gresham's storm drainage charge by virtue of ORS 307.140. Accordingly, department's Opinion and Order Nos. 92-6268, 92-6269, 92-6270 and 92-6271, are in error and must be set aside. Now, therefore,

IT IS ORDERED that plaintiffs' and intervenor Gresham's motions for summary judgment are granted, and

IT IS FURTHER ORDERED that intervenor Archdiocese's Motion for Summary Judgment is denied. Costs to neither party.