On respondent's petition for reconsideration filed November 29, and appellant's response to petition for reconsideration filed December 10, 2004, reconsideration allowed; former opinion (195 Or App 362, 98 P3d 397 (2004)) modified and adhered to as modified February 16, 2005

David DIMEO,
*Respondent,*

*v.*

Darren B. GESIK,
Joseph E. Chrisman,
and Bonita Jewell Chrisman,
*Defendants,*

*and*

WESTERN BANK,
a division of Washington Mutual,
*Appellant.*

972918; A119453

106 P3d 697

Thomas H. Anderson for petition.

Jonathan M. Radmacher for response.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■ Plaintiff filed a petition for reconsideration, arguing that we made an error of law in stating in *dictum* that "in evaluating whether a party has an objectively reasonable basis for asserting a claim, the temporal focus should be on the time that the claim is asserted." *Dimeo v. Gesik*, 195 Or App 362, 371, 98 P3d 397 (2004). We agree with plaintiff that the above statement is not a complete statement of law. We therefore grant the petition for reconsideration, modify our former opinion, and adhere to our decision as modified.[1]

The issue in this case was whether Western Bank (the bank) could assert a counterclaim based on the doctrine of equitable subrogation. Plaintiff prevailed at trial, and the trial court awarded plaintiff attorney fees under ORS 20.105(1) because it determined that the bank had no objectively reasonable basis for its counterclaim. We reversed the award of attorney fees, holding that the bank had an objectively reasonable basis for initially asserting its counterclaim.

■ On reconsideration, we agree with plaintiff that a party has a continuing duty to evaluate its position throughout the course of litigation. It is possible that a claim that was objectively reasonable when asserted may become unreasonable when viewed in light of additional evidence or changes in the law. *See Dimeo*, 195 Or App at 370 n 7 (describing holding in *McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or 77, 84, 46 P3d 721 (2002), as: "attorney fees may be appropriate when a party continues to litigate a claim after facts emerge that make the claim objectively unreasonable"). Here, the bank relied on the course of conduct between its manager and the escrow agent when it asserted the counterclaim of equitable subrogation. As we previously held, that reliance "was not inconsistent with the bank's objectively reasonable basis for asserting the claim in the first place." *Id*. at 370. We also conclude that the bank's position never became objectively unreasonable because it reasonably believed that an equitable subrogation claim could be based on the escrow agent's

---

[1] Plaintiff raises other arguments that we reject without discussion.

assurances that the manager's standard instructions were carried out.

Reconsideration allowed; former opinion modified and adhered to as modified.