LAGESEN, J.
*234 Plaintiff Tri-City Service District is a special service district formed under ORS chapter 451. It provides wholesale wastewater treatment services to defendant Oregon City (the city), as well as the cities of West *1135 Linn and Gladstone. Approximately 20,000 feet of plaintiff's sewage transmission lines are located within public rights of way belonging to the city. As a result, plaintiff is subject to the city's right-of-way usage fee under Oregon City Code chapter 13.34 and Oregon City Resolution 13-26. Those provisions, taken together, require utilities using public rights of way in Oregon City to pay a maximum of six percent of their annual revenues that is derived from the operation of utility facilities in Oregon City to the city in exchange for using the rights of way.
Plaintiff disputes the city's authority to subject it to the fee and initiated this action for declaratory relief under the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160, to address the issue. Plaintiff sought declarations that (1) ORS 221.420 precludes the imposition of a usage fee on a municipal corporation such as plaintiff; (2) the usage fee was not a valid licensing fee and was "void" as a licensing fee; (3) the usage fee was, instead, a tax; (4) the tax was a tax on real property; and (5) plaintiff was exempt from paying that tax by operation of ORS 307.090(1), which exempts certain governmental entities from paying property taxes. On cross-motions for summary judgment, the trial court concluded as a matter of law that plaintiff was not entitled to the declarations requested and entered a general judgment so declaring. Thereafter, the court entered a supplemental judgment awarding attorney fees to the city under ORS 20.105(1), which, among other things, authorizes an award of attorney fees to a party who prevails against a claim or defense if the trial court finds "that there was no objectively reasonable basis for asserting" the claim or defense.
Plaintiff appeals both judgments, contending that the trial court erred in declining to grant summary judgment in its favor, rejecting the requested declarations, and in concluding that plaintiff's claim was not objectively reasonable and awarding attorney fees on that basis. For the *235 reasons that follow, we affirm the general judgment but conclude that the trial court erred in awarding attorney fees and, therefore, reverse the supplemental judgment.
I. STANDARDS OF REVIEW
The appeal of the general judgment comes to us after the trial court granted the city's motion for summary judgment. On appeal, plaintiff contends that the court erred by granting the city's motion for summary judgment and denying plaintiff's motion for summary judgment. We review the trial court's rulings to determine, on the summary judgment record as a whole, whether there are disputes of material fact and whether either party is entitled to judgment as a matter of law. Hicks v. Central Point School Dist. , 270 Or.App. 532, 540, 348 P.3d 307 (2015) ; Citibank South Dakota v. Santoro , 210 Or.App. 344, 347, 150 P.3d 429 (2006), rev den , 342 Or. 473, 155 P.3d 51 (2007). Here, the relevant facts are not disputed; the issue is whether the trial court erred in concluding that the city was entitled to judgment as a matter of law and that plaintiff was not.
As to the appeal of the supplemental judgment awarding attorney fees, we review for legal error the trial court's determination that there was no objectively reasonable basis for asserting a claim, so as to authorize an award of attorney fees under ORS 20.105. Williams v. Salem Women's Clinic , 245 Or.App. 476, 483-85, 263 P.3d 1072 (2011).
II. BACKGROUND
As noted, this case centers on the fee imposed on utilities by Oregon City Code (OCC) chapter 13.34, and Oregon City Resolution (OCR) 13-26, for using the city's rights of way. OCC 13.34.130 generally sets forth the fee requirement. In particular, OCC 13.34.130(A) states:
"Except as set forth in subsection B of this section, every person that owns utility facilities in the city and every person that uses utility facilities in the city to provide utility service, whether or not the person owns the utility facilities used to provide the utility services, shall pay the right-of-way usage fee for every utility service provided using the rights-of-way in the amount determined by resolution of the city commission."
*1136 *236 A utility's failure to comply with the obligation to pay the fee can result in civil penalties. OCC 13.34.180.
OCR 13-26, in turn, establishes the fee schedule. Under it, a utility using the city's rights of way must pay either (1) a fixed minimum amount based on the number of linear feet of utilities occupying the rights of way; or (2) a fixed percentage of the utility's gross revenues derived from the operation of utility facilities. Under that scheme, plaintiff must pay six percent of its gross revenue as a usage fee. For 2014, that amount was approximately $190,000.
Plaintiff disputes the city's authority to require it to pay a right-of-way usage fee. To resolve that dispute, plaintiff initiated this proceeding, ultimately seeking declarations that the usage fee is unenforceable against it. Plaintiff had two primary theories as to why it was entitled to relief: (1) that ORS 221.420,[1] which authorizes the imposition of right-of-way usage fees on public utilities, operated to preclude the city from imposing a usage fee on a municipal corporation such as plaintiff, because a municipal corporation is not a public utility within the terms of that statute; and (2) that the city's usage fee was not a valid licensing or regulatory fee but, instead, was a tax on plaintiff's real property, from which plaintiff was exempt by operation of ORS 307.090(1). See 290 Or.App. at 237-38, 415 P.3d at 1136-37. Plaintiff requested that the court enter a number of subsidiary declarations:
• That plaintiff "as a public/municipal corporation or quasi-corporation, is specifically excluded from the definition of a public utility that is subject to regulation under ORS 221.420, rendering the challenged rights of way fees unenforceable and void as to [plaintiff]."
*237 • That the fees are "unenforceable and void as a licensing or regulatory fee" because they are not reasonably related to the economic burdens incurred by the city in maintaining its rights of way and are, for the same reason, a tax.
• That the fees are a tax because the city has not dedicated them to the maintenance of the rights of way but, instead, deposits them in the general fund.
• That the fees not only are a tax but are a tax on real property.
• That plaintiff is exempt from that real property tax pursuant to ORS 307.090(1).
The parties filed cross-motions for summary judgment. Apart from its theory that ORS 221.420 precluded the city from imposing a right-of-way usage fee on a municipal corporation, which plaintiff acknowledged was in conflict-or, at least, in tension with-this court's decision in Rogue Valley Sewer Services v. City of Phoenix , 262 Or.App. 183, 329 P.3d 1 (2014), aff'd , 357 Or. 437, 353 P.3d 581 (2015), plaintiff primarily argued that the fee bore the hall-marks of a tax because, in plaintiff's view, the fee was not reasonably calibrated to the city's costs of maintaining the rights of way and was placed into the city's general fund, rather than into a fund dedicated to the maintenance of the rights-of-way. Further, plaintiff contended that that tax was a tax on plaintiff's real property from which plaintiff was exempt under ORS 307.090(1), which exempts governmental entities, including plaintiff, from property taxes:
"Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities, public universities listed in ORS 352.002 and all other public or municipal corporations in this state, is exempt from taxation."
In response, the city contended, among other things, that plaintiff failed to produce evidence sufficient to create a factual dispute as to whether the fee was reasonably related *1137 to the city's costs in connection with the rights of way or *238 otherwise showing that the fee constituted a tax rather than a fee. The city further argued that, even if the usage fee constituted a tax, plaintiff had not demonstrated that the tax was unlawful or that plaintiff was exempt from paying it. In particular, the city asserted that ORS 307.090(1) only exempts municipal corporations and other governmental entities from paying property taxes, and does not exempt them from other types of taxes. The city asserted that its right-of-way usage fee, if a tax, was not a tax on plaintiff's property because all users of the city's rights of way, regard-less of whether they owned the utilities in those rights of way, had to pay the usage fee. According to the city, the usage fee was not linked to plaintiff's ownership of property but, instead, plaintiff's use of the rights of way.
Following a hearing, the trial court issued a letter opinion in which it concluded that the city was entitled to summary judgment. The court concluded that our decision in Rogue Valley Sewer Services , 262 Or.App. 183, 329 P.3d 1 -which, at the time, was pending in the Supreme Court-disposed of plaintiff's argument that ORS 221.420 preempted the city's authority to impose the fee. Then, addressing whether the fee was instead a tax on property such that plaintiff was exempt from paying it by operation of ORS 307.090, the court concluded that the right-of-way fee was not a tax and, even if it was tax, it was not a property tax and, therefore, ORS 307.090(1) did not operate to exempt plaintiff from paying it:
"The opinion of this court is that the charge levied by Oregon City is not a tax on real property. It is a fee for certain actions or uses and not on ownership without regard to use of any asset. Tri-City has presented no authority for its explicit or implicit proposition that there is in Oregon law some numerical limit on the amount of the charge at question here. Further, even if there was any such limit-such a reasonableness test, Tri-City has nothing in this record that raises a question of fact regarding the matter.
"Even if, in the alternative, the charge were to be considered a tax, it is the opinion of this court that the exemption described in ORS 307.090 applies only with respect to ad valorem property taxes. Multnomah County v. Dept. of Rev. , 13 OTR 281 [1995 WL 350328] (1995). A hallmark of such taxes is the *239 process of assessment and levy done under state law by county assessors, bearing some relation to the value of the property, secured by a lien on the property and subject to statutory and constitutional limitations. None of those processes and limitations applies to this charge."
Thereafter, it entered a general judgment in favor of the city declaring that plaintiff was not entitled to any of the specific declarations sought.
The city then petitioned for attorney fees, invoking ORS 20.105 as the source of authority for a fee award and contending that plaintiff had no "objectively reasonable basis" for its claim to be exempt from the right-of-way fee. The trial court agreed, and entered a supplemental judgment awarding $82,396.50 in attorney fees to the city, as well as costs. The court explained that plaintiff's assertion that ORS 221.420 preempted the city's imposition of the fee was objectively unreasonable because this court already had given "clear guidance on the error of Plaintiff's position. There was no need to seek a declaration and force the City to defend given the fact that the Supreme Court was going to rule on the matter." The court further determined that plaintiff's other legal arguments in support of its claim that the fee could not be enforced against it were objectively unreasonable because "there was, and is, no authority to support the legal positions taken by Plaintiff" apart from "Plaintiff's own construction of the law."
Plaintiff appeals both judgments. On appeal, plaintiff reiterates its contention that it is entitled to judgment declaring that the right-of-way fee is a tax from which plaintiff is exempt. In the alternative, plaintiff argues that we should reverse and remand for trial. Plaintiff also argues that the trial court erred when it determined that its claim for declaratory relief was objectively unreasonable, so as to allow for an award of attorney fees to the city under ORS 20.105. The city responds that the trial court correctly concluded as a *1138 matter of law that the right-of-way fee was not invalid or unenforceable for any of the reasons asserted by plaintiff and, therefore, properly granted summary judgment to the city. The city further contends that the trial court correctly concluded that plaintiff's claim was objectively unreasonable. *240 III. ANALYSIS
A. Summary Judgment
The first issue before us is whether the trial court erred when it concluded that the city was entitled to judgment as a matter of law. It did not.
As noted, plaintiff's overarching claim was that the city's right-of-way fee was void and unenforceable as to plaintiff, and that plaintiff was entitled to a declaration to that effect. In support of that claim, plaintiff advanced two theories: (1) that ORS 221.420 preempted the city's authority to impose such a fee on a sanitary district such as plaintiff; and (2) that the fee was, in reality, a property tax from which plaintiff was exempt by virtue of ORS 307.090(1). Both of those theories fail as a matter of law.
Regarding ORS 221.420's preemptive effect, although that issue was pending before the Supreme Court at the time that the trial court ruled in this matter, the Supreme Court since has resolved the question against plaintiff's position, as plaintiff concedes. Rogue Valley Sewer Services v. City of Phoenix , 357 Or. 437, 353 P.3d 581 (2015). For that reason, the trial court's conclusion that ORS 221.420 did not preempt the city's authority to impose the fee is correct.
As to plaintiff's second theory, the trial court correctly concluded that it fails as a matter of law. Even if plaintiff is correct that the fee constitutes a tax-an issue we need not decide- ORS 307.090(1) would not exempt plaintiff from paying it. ORS 307.090(1), by its plain terms, operates only to exempt "property" belonging to state and local governmental entities from "taxation." Although the statute does not spell out what it means to impose a tax on property, the Supreme Court long ago held that the statutory exemption is limited and does not extend to privilege or excise taxes: "Exemption from property tax does not include exemption from excise tax. The rule that property of the state is exempt from taxation does not apply to privilege taxes." Portland v. Kozer et al. , 108 Or. 375, 384, 217 P. 833 (1923) (construing a statutory predecessor to ORS 307.090 (citation omitted) ).
On its face, the city's charge is not a tax on property. It is directed toward the use of the city's rights of way, and does not depend on property ownership, as it applies both *241 to owners and users of utility facilities in the city's rights of way. Additionally, the tax is not assessed based on the value of any property owned, as taxes on property typically are, but is tied, instead, to how much of the city's rights of way a utility uses. Further, although the concept of a privilege tax is not well defined, the Supreme Court has routinely recognized that right-of-way usage fees, to the extent that they constitute taxes, are privilege taxes. See Northwest Natural Gas Co. v. City of Gresham , 359 Or. 309, 324-27, 374 P.3d 829 (2016) (holding that right-of-way usage fee, to the extent that it was a tax with respect to certain utilities, was a privilege tax); US West Communications v. City of Eugene , 336 Or. 181, 187, 81 P.3d 702 (2003) (distinguishing between city's ability to charge "privilege tax" for using public rights of way and other types of fees and taxes). For these reasons, ORS 307.090(1) does not exempt plaintiff from paying the challenged right-of-way usage fee, even if that fee is, in some sense, a tax. The trial court's grant of summary judgment was correct.[2]
B. Attorney Fees
The second issue before us is whether the trial court erred in awarding attorney fees to the city. The court did so under ORS 20.105, on the ground that plaintiff had no *1139 "objectively reasonable basis for asserting" its claim for declaratory relief. We conclude that the court erred.
For purposes of ORS 20.105, "[a] claim lacks an objectively reasonable basis only if it is 'entirely devoid of legal or factual support.' " Williams , 245 Or.App. at 482, 263 P.3d 1072 (quoting Olson v. Howard , 237 Or.App. 256, 269, 239 P.3d 510 (2010) ). That is not the case here. The legal limits on right-of-way usage fees, such as those at issue here, were not clear at the time that plaintiff filed this action and were being actively litigated in the appellate courts. The question of the preemptive effect of ORS 221.420 was pending before *242 the Supreme Court. In addition, during the time period in which this case has been pending, the Supreme Court invalidated a similar right-of-way usage fee as applied to a public utility district, after concluding that it was a privilege tax that exceeded the statutory limit placed on such taxes by ORS 221.450, Northwest Natural Gas Co. , 359 Or. at 349-50, 374 P.3d 829, while sustaining the fee as to other entities. Although plaintiff did not make the same argument in this case that prevailed in Northwest Natural Gas Co. , the fact that the Supreme Court recently has addressed the validity of right-of-way usage fees twice, and has sustained at least one challenge, demonstrates that the law in this area is developing. Moreover, plaintiff's unsuccessful arguments are not so far removed from the ones that the Supreme Court recently addressed that they can be said to be objectively unreasonable in the context of the current legal landscape. That set of circumstances, taken as a whole, precludes the conclusion that plaintiff's claim was "entirely devoid" of legal support.
In reaching a contrary conclusion, the trial court erred by taking into account considerations that are not relevant to the assessment of whether a particular claim is objectively unreasonable for purposes of ORS 20.105. Although the court acknowledged that the legal issue regarding ORS 221.420's preemptive effect was pending in the Supreme Court, the court nonetheless concluded that plaintiff's parallel claim was "objectively unreasonable" because it was not necessary for plaintiff to file its challenge. But the test for whether a claim is objectively unreasonable turns on whether the claim is supported by the facts or the law, not on the perceived need for litigation.[3] The court also reasoned that plaintiff's claim was objectively unreasonable because there was "no authority" to support plaintiff's arguments. But the absence of authority does not equate to the absence of legal support for a claim, at least where, as here, the law is being developed through active, parallel litigation *243 that is of sufficient complexity and importance to attract the attention of our Supreme Court. Accordingly, the trial court erred in concluding that the city was entitled to recover its attorney fees under ORS 20.105, and we set aside the award of fees.
Supplemental judgment awarding attorney fees reversed; otherwise affirmed.

ORS 221.420 governs the regulation of a "public utility" by a "municipality," as those terms are defined in the statute. Plaintiff, which is not a "public utility" for purposes of the statute, argued that the legislature's omission of entities such as plaintiff from ORS 221.420 signaled its intent to preclude municipal regulation of them. Plaintiff acknowledges that that argument is foreclosed by Rogue Valley Sewer Services v. City of Phoenix , 357 Or. 437, 353 P.3d 581 (2015), which held that ORS 221.420 did not preempt a municipality from imposing reasonable conditions on a sanitary authority's use of municipal rights of way, including a reasonable fee.

We need not, and do not, address whether the trial court erred in determining that the right-of-way usage fee was a fee and not a tax. Plaintiff's only developed theory, both below and on appeal, as to why resolution of that question could affect plaintiff's rights is the theory that ORS 307.090(1) would provide an exemption from the tax, if the court were to conclude that it was a tax. Having rejected that argument, resolving whether the fee is, instead, a tax, would be purely academic in the context of this case.

Also, the trial court's assessment of the necessity of the suit is subject to some doubt. The fact that the Supreme Court was set to resolve the issue of the preemptive effect of ORS 221.420 does not, in and of itself, mean that plaintiff had no need to file the action. If plaintiff delayed its challenge, it may have had to confront statute-of-limitations or laches defenses, at least to the extent plaintiff sought to be excused from its past obligations to pay the fee.