Argued and submitted December 8, 2021, reversed and remanded
March 2, 2022

In the Matter of the
Virginia Worley Revocable Living Trust.

Larry W. LEWIS,
*Petitioner-Respondent,*

*v.*

Virginia WORLEY,
*Respondent,*
*and*

James WORLEY,
*Respondent-Appellant,*
*and*

PIONEER TRUST BANK, N. A.,
*Intervenor Below.*

Marion County Circuit Court
17PB05915; A173341

507 P3d 814

In this action, petitioner pursued, among other things, claims related to the administration of a revocable trust. On appeal, respondent contests the trial court's decision awarding petitioner, and denying respondent, attorney fees for litigation related to the trust claims. Both parties argued that they were entitled to attorney fees under ORS 130.815, a trust code provision that allows attorney fees in certain trust actions. Respondent also argued that petitioner's claim was without an "objectively reasonable basis" and therefore respondent was entitled to fees under ORS 20.105. The trial court concluded that petitioner had standing under ORS 130.050 and therefore rejected respondent's claim for fees under ORS 20.105. Accordingly, it awarded fees to petitioner under ORS 130.815 as a prevailing party in the trust action. *Held*: At the time the trust action was instituted, the settlor of the trust was also the trustee of the revocable trust, and therefore petitioner, a beneficiary of the trust, did not have an objectively reasonable basis for pursuing the trust claims and seeking the specific relief requested. The trial court erred in concluding otherwise and by rejecting respondent's fees under ORS 20.105. Likewise, absent an objectively reasonable basis for pursuing the trust claims, petitioner was not entitled to attorney fees under ORS 130.815.

Reversed and remanded.

Claudia M. Burton, Judge.

Will Riddell argued the cause for appellant. On the briefs was William L. Ghiorso.

Jan K. Kitchel argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Egan, Judge, and Hadlock, Judge pro tempore.*

HADLOCK, J. pro tempore.

Reversed and remanded.

_____

\* Egan, J., *vice* Armstrong, S. J.

## HADLOCK, J. pro tempore

This appeal challenges the trial court's ruling on competing petitions for attorney fees in litigation arising from a dispute about administration of a revocable trust. For the reasons set out below, we hold that the trial court erred when it denied respondent's request for fees related to the trust claims and when it awarded petitioner fees related to those claims. We therefore reverse and remand for reconsideration of the petitions for attorney fees on the trust claims in a manner consistent with this opinion.

We confine our description of the facts to those that are necessary to an understanding of the legal issue before us. The pertinent facts are undisputed, at least for purposes of the appeal, and we outline them in keeping with the trial court's unchallenged factual findings.

Virginia Worley (Worley) is related to both parties to this appeal. Petitioner Larry Lewis is Worley's adult son from her first marriage. Respondent James Worley is Worley's second husband; they married in 2006. Respondent and Worley executed a joint revocable living trust in late 2015. The declaration of trust states that respondent and Worley are both the trustors and the trustees. The trust specifies that its primary purpose is to provide respondent and Worley "with the highest possible quality of life" and states that distributions should be "liberal *** to accomplish this purpose." The trust also provides that, after the deaths of both respondent and Worley, "the residue of the trust estate" will be distributed in equal shares to petitioner and two other named individuals. At the time of the trial court's ruling in this case, it was not entirely clear what assets were in the trust.

Worley has a longstanding relationship with the Pioneer Trust Bank (PTB); she worked at the bank for many years and had accounts there. In the months leading up to execution of the trust, respondent and Worley often went to PTB together. In the fall of 2015, respondent demanded that some of Worley's assets be placed into joint ownership. Respondent became angry when PTB employees met privately with Worley; during that meeting, Worley said that

she was afraid that respondent would take the accounts that she wanted to leave to her children. At some point, PTB informed petitioner that respondent had taken actions and behaved in ways that, "as reported to [petitioner], [were] highly suspicious for elder abuse."

In 2017, petitioner filed an action against respondent in which he asserted both trust claims (seeking, among other things, an accounting of the trust, removal of respondent as trustee, and a surcharge of trustee) and a financial elder abuse claim.[1] Respondent moved to dismiss the petition, contending that, because the trust was revocable and he and Worley were the settlors/trustees, petitioner lacked standing and was not entitled to any information about the trust. In response, petitioner asserted that he was entitled to the relief he sought because he was a beneficiary of the trust. The trial court indicated that it "need[ed] facts to determine whether there is standing in the trust proceeding" and it did not then rule on respondent's dismissal motion.

Petitioner also petitioned for appointment of a conservator for Worley, and the trial court appointed PTB as her conservator in April 2018. The conservatorship proceeding was consolidated with the trust/elder-abuse action filed by petitioner.

Respondent later moved for summary judgment on the trust claims, asserting that the trust remained revocable and that, as beneficiary of a revocable trust, petitioner had no right to receive information about it. Respondent relied heavily on *Tseng v. Tseng*, 271 Or App 657, 352 P3d 74, *rev den*, 358 Or 69 (2015), in which we held that beneficiaries of a revocable trust have no power "to take steps to protect or enforce" any interest they may have in the trust "as long as the settlor is alive." *Id*. at 669. The trial court denied the motion, asserting that petitioner had a right to pursue some of the trust claims:

---

[1] As the trial court observed, the petition also named Worley as an additional respondent, "although no relief against [her] was requested in the prayer nor were there any allegations of breach of fiduciary duty, elder abuse etc. against her." The trial court found that petitioner had no objectively reasonable basis for joining Worley as a respondent. That determination is neither challenged on appeal nor proffered as a basis on which the court should have awarded mandatory attorney fees under ORS 20.105, so we do not address it further.

"ORS 130.050 states that the court may intervene in a trust to the extent that its jurisdiction is invoked by an interested person. Petitioner is [Worley's] son, and as a son he has a right to be interested in the welfare of his mother and in protecting her from potential financial exploitation or abuse. Under ORS 130.050, that is sufficient for Petitioner to have standing for at least some of the claims that are alleged. Petitioner, as the son of Ms. Worley, is an interested person, and that in that capacity, not as the capacity of a beneficiary, he has standing to come before this court and ask for an accounting."

The court further ruled that, under ORS 130.625, petitioner was authorized, "even as a beneficiary of the trust, to petition for removal or for other relief as set forth in ORS 130.800." The court therefore denied respondent's summary judgment motion except with respect to the claim for a surcharge against the trustee; the court ruled that only the conservator could bring any such claim.

In late 2018, petitioner stipulated to dismissal of the elder abuse claim, conceding that he lacked standing to bring it. PTB, as conservator for Worley, filed its own elder abuse claim against respondent.

The trial court bifurcated the trust claims from the elder abuse claim, and the former claims went to trial in April 2019. The trial court ultimately ruled that the "evidence did not support claims that [respondent] had misappropriated or wasted trust assets or [Worley's] assets," and it therefore denied the petition to remove respondent as trustee, although it also ruled that PTB was entitled to an accounting. PTB subsequently dismissed its elder abuse action against respondent.

The trial court entered a general judgment reflecting its rulings on the trust claims. As pertinent here, the only affirmative relief granted by the judgment was the requirement that respondent prepare and submit an accounting to PTB, keep appropriate accounts and records, and provide PTB with specified information regarding trust assets and management.

All parties petitioned for attorney fees. With respect to the trust claims, petitioner argued that he was entitled to

fees under ORS 130.815, a provision of the Oregon Uniform Trust Code (OUTC), because the trial court ended up requiring respondent to provide an accounting of the trust.[2] Petitioner also argued that he would have been entitled to fees under that statute even if he had not obtained any relief. Respondent objected to petitioner's request for fees and asserted his own claim for fees under ORS 20.105 and ORS 130.815, asserting that petitioner had not had any basis for bringing the trust claims.[3]

Following a hearing, the trial court issued a detailed letter opinion in which it discussed the parties' arguments regarding their asserted entitlement to fees and the pertinent statutory factors regarding the amount of fees to award. With respect to litigation on the trust claims, the court summarily rejected respondent's assertion that he was entitled to a mandatory award of fees under ORS 20.105, opining that petitioner had not made any claims that were devoid of support in the record. The court also discussed the parties' requests for fees under ORS 130.815, applying the factors relevant to discretionary attorney fee awards, as set out in ORS 20.075(1). The court determined that the claim for an accounting was objectively reasonable, stating that petitioner, "as an interested person, had standing pursuant to ORS 130.050 to pursue a request for an accounting" (although the court acknowledged that it had ruled on the merits that only PTB would be entitled to receive that accounting). The court also ruled that the claims to remove respondent as trustee and to surcharge him "were reasonable at the outset," although "at some point prior to trial it should have become apparent that there was no evidence of [respondent] taking significant amounts of money out of the trust or breaching his fiduciary duty." After considering additional factors, including the parties' conduct, the court concluded that respondent should pay petitioner $14,160.37

---

[2] ORS 130.815 provides: "In a judicial proceeding involving the validity or administration of a trust, the court may award costs and expenses and reasonable attorney's fees to any party, to be paid by another party or from the trust."

[3] ORS 20.105(1) provides, in part: "In any civil action, suit or other proceeding ***, the court shall award reasonable attorney fees to a party against whom a claim *** is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim ***, upon a finding by the court *** that there was no objectively reasonable basis for asserting the claim[.]"

in fees related to the trust claims. Accordingly, the court entered a supplemental judgment that (1) awards those fees to petitioner and (2) states that the facts did not support an award of fees to respondent "in the trust portion of this proceeding."[4] Respondent appeals that supplemental judgment.

Respondent challenges two rulings that are reflected in the supplemental judgment. First, he contends that the trial court erred when it refused to award him attorney fees under ORS 20.105(1); in respondent's view, he was entitled to fees because petitioner did not have an objectively reasonable basis for pursing the trust claims. He summarizes his argument this way:

> "Oregon law does not permit the beneficiary of a revocable trust to file an action to prevent the settlor and trustee from doing what it wants with its own property, especially while the trust is still revocable. Since that is exactly what [petitioner] did in this case, no objectively reasonable legal basis existed to support his claims."

Second, respondent argues that—for the same reason—petitioner was not entitled to an award of attorney fees for work related to the trust claims. Respondent asserts that an award of fees in his favor is mandatory under ORS 20.105(1); he asks that we remand the case to the trial court so it can determine the amount of fees to which he is entitled under that statute.

In response, petitioner asserts that he "properly exercised his standing and the court's jurisdiction" to bring the trust claims. Echoing the trial court's reasoning, petitioner asserts that he had standing as an "interested person" to invoke the court's jurisdiction under ORS 130.050. He seems to suggest that, so long as he had standing under ORS 130.050, he also was entitled to pursue specific trust claims against respondent. Petitioner also argues that the trial court correctly determined that he had been entitled to seek removal of respondent as trustee under ORS 130.625.

---

[4] The trial court also awarded respondent a relatively small amount of fees related to the elder abuse claim, payable by petitioner. In addition, the court ruled that both petitioner and PTB were entitled to fees in the conservatorship proceeding. Those fee awards are not at issue in this appeal.

We begin by addressing respondent's argument that he was entitled to a fee award under ORS 20.105(1). That statute provides, in pertinent part:

"(1) In any civil action, suit or other proceeding in a circuit court ***, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

As noted, the parties disagree about whether petitioner had an "objectively reasonable basis" for asserting the trust claims.[5]

Respondent is correct in asserting that he is entitled to an award of attorney fees if petitioner did not have an objectively reasonable basis for pursuing the trust claims. In such a circumstance, "a fee award under ORS 20.105(1) is mandatory." *Daniels v. Johnson*, 306 Or App 252, 253, 473 P3d 1133 (2020); *see Williams v. Salem Women's Clinic*, 245 Or App 476, 482 n 5, 263 P3d 1072 (2011) (observing that the legislature amended ORS 20.105 in 1995 "to make an attorney fee award mandatory when the trial court finds that a party pursued a claim or defense without any objectively reasonable basis"). A claim lacks an objectively reasonable basis if it is entirely devoid of legal or factual support. *Williams*, 245 Or App at 482. "[W]hether a claim lacks an objectively reasonable basis is a legal question, and we review the trial court's ruling on that question for legal error." *Id*. (citations omitted).

Here, the question is whether petitioner had an objectively reasonable basis for pursuing the trust claims. The trial court ruled that petitioner had a basis for bringing those claims because, as Worley's son, he was an "interested person" and therefore "had standing pursuant to ORS 130.050 to pursue a request for an accounting." Moreover, the court ruled, petitioner could, "even as a beneficiary of

---

[5] The parties' arguments focus solely on that point; there is no dispute over whether respondent was "a prevailing party in the proceeding."

the trust, \* \* \* petition for removal [of respondent as trustee] or for other relief" under ORS 130.625.

We disagree with the trial court's conclusion that ORS 130.050 gave petitioner an objectively reasonable basis for seeking an accounting of the trust—at least, at the time he filed the trust action in 2017. The statute provides:

"(1)   A court may intervene in the administration of a trust to the extent the court's jurisdiction is invoked by *an interested person* or as provided by law.

"(2)   A trust is not subject to continuing judicial supervision unless ordered by a court.

"(3)   A judicial proceeding may relate to any matter involving a trust's administration, including a request for instructions or a declaratory judgment action."

ORS 130.050 (emphasis added).

That provision of the OUTC does "broadly authorize[] any 'interested person' to invoke the court's jurisdiction to intervene in the administration of [a] trust \* \* \*." *Tseng*, 271 Or App at 668. But having authority to invoke the court's jurisdiction is different from having a basis for pursuing a specific claim for relief.

Here, we perceive at least two reasons why petitioner had no basis for pursuing any claim for relief related to the trust, like an accounting. First, when—as here—the settlor of a revocable trust is also the trustee during the settlor's lifetime, actions by the settlor/trustee "cannot harm the interests of a beneficiary in any cognizable way" because "the settlor retains complete control over the trust during the settlor's lifetime." *Id*. at 669 n 3. Second—even when the settlor and trustee are not the same person—"in the case of a revocable trust, the OUTC bars the beneficiaries of a revocable trust from enforcing their beneficial interests under the trust while the settlor is alive \* \* \*." *Id*. at 668. Thus, beneficiaries of a revocable trust do "not have the power to take steps to protect or enforce [their] interests as long as the settlor is alive." *Id*. As specifically pertinent here, so long as the settlor is alive, "'beneficiaries other than the settlor have no right to receive notice, information or reports' from the trustee regarding trust administration \* \* \*."

*Id*. at 660 (quoting ORS 130.710(9)). Indeed, "the OUTC explicitly restricts beneficiaries' access to information about the trust while the settlor is alive." *Id*.; *see also* ORS 130.510(1) (while the settlor of a revocable trust is alive, beneficiaries other than the settlor "have no right to receive notice, information, or reports under this chapter"). Accordingly, even if petitioner did have a beneficial interest in the trust that respondent's actions as trustee could harm in a cognizable way, he could not enforce that interest at the time that he filed his petition.

We recognize that the preceding discussion focuses on petitioner's status as a trust beneficiary and that the trial court instead relied on ORS 130.050 and the court's view that petitioner was an "interested person" for purposes of that statute because he was concerned about his mother's welfare. However, we reject the proposition—implicit in the trial court's decision and in petitioner's argument on appeal—that petitioner qualified as an "interested person" under the OUTC in a way that gave him *more* authority to pursue the trust claims than he would have merely as a beneficiary of the trust.

First, as noted above, ORS 130.050 gives an "interested person" authority only to invoke the court's jurisdiction to "intervene in the administration of a trust." The statute does not give interested persons authority to bring or pursue specific claims on their own behalf. Thus, even if petitioner was an "interested person," that status alone would not give him an objectively reasonable basis for pursing the trust claims.

Second, although we need not (and do not) decide here exactly what the term "interested person" means as used in ORS 130.050, we reject the trial court's conclusion that the term applies to petitioner in a way that distinguishes him from other trust beneficiaries. Although the OUTC does not expressly define "interested person" for purposes of ORS 130.050, the term is used elsewhere in the OUTC in a way that suggests it applies to a knowable, definable group of people—not generally to any and all people who might be interested in the wellbeing of a person whose assets have been put into a trust. *See* ORS 130.405 (requiring that

certain notices be published "to interested persons"). And ORS 130.045(1) defines "interested person" for purposes of that statute (which relates to nonjudicial settlement agreements) to mean living settlors, qualified beneficiaries, acting trustees, and—under specified circumstances—the Attorney General and members of a trust stewardship committee. Although that definition does not apply expressly to ORS 130.050, it is consistent with our sense that an "interested person" is one who falls within defined categories of people who have responsibilities, duties, or interests with respect to a trust—and not to other individuals merely because of their emotional or family attachments to somebody whose assets have been put into a trust. We therefore disagree with the trial court's conclusion that petitioner was an "interested person" for reasons other than his status as a beneficiary.

Finally, interpreting ORS 130.050 to give a broad group of "interested persons" the ability to pursue claims like a request for an accounting of a revocable trust—during the lifetime of the settlor/trustee—would undermine what we have described as the settlor/trustee's right of "complete control over the trust during the settlor's lifetime." *Tseng*, 271 Or App at 669 n 3. Given the legislature's decision to preclude even qualified beneficiaries from seeking information about a revocable trust during the settlor's lifetime, we cannot conclude that the legislature meant—by enacting ORS 130.050—to give that right of action to *other* individuals who have *less* connection to the trust.

Accordingly, we reject the trial court's conclusion that petitioner's status as Worley's caring son gave him more rights to pursue the trust claims than he would have had simply as a trust beneficiary.

In addition to relying on ORS 130.050, the trial court ruled that petitioner's status as trust beneficiary gave him the right to petition for respondent's removal as trustee under ORS 130.625. That statute provides that a settlor, a cotrustee, or a beneficiary "may request that a court remove a trustee." ORS 130.625(1). The statute also specifies the circumstances under which the court may remove the trustee, including if the trustee "has committed a serious breach of

trust" or if removal of the trustee would best serve the beneficiaries' interests. ORS 130.625(2).

On appeal, petitioner defends the trial court's reliance on ORS 130.625. In response, respondent asserts that, because he retained complete control of the trust as settlor/trustee, his actions could not harm any interest that petitioner had as beneficiary. He concludes, therefore, that petitioner could not properly bring a claim under ORS 130.625 for his removal as trustee.

Again, we agree with respondent. Because respondent was settlor/trustee of the revocable trust, his actions could not harm the interests of petitioner, as beneficiary, in any cognizable way. *Tseng*, 271 Or App at 669 n 3. And even if petitioner did have some interest that respondent's actions could have harmed, he did not "have the power to take steps to protect or enforce" that interest as long as respondent was alive and the trust remained revocable. *Id*. at 669; *see* ORS 130.510(1) ("While the settlor of a revocable trust is alive, rights of the beneficiaries are subject to the control of the settlor, and the duties of the trustee are owed exclusively to the settlor."). It follows that petitioner had no basis, under ORS 130.625, for seeking to remove respondent as trustee of the revocable trust.

In sum, petitioner had no objectively reasonable basis, under either ORS 130.050 or ORS 130.625, for bringing the trust claims. Respondent therefore was entitled to an award of attorney fees under ORS 20.105(1) for having to defend against those claims.[6] The trial court erred when

---

[6] We briefly address one remaining argument that petitioner makes on appeal. He asserts that the trust became irrevocable once a conservator was appointed for Worley; based on that assertion, he argues that he had a reasonable basis for pursuing the trust claims *after that point* in time (and therefore would be entitled to fees for associated legal work that was performed after the conservator was appointed). We are not in a position to offer an opinion on that argument. The parties did not fully litigate in the trial court the question of when, if ever, the trust became irrevocable, and the trial court did not rule on that question. Rather, as explained above, the trial court's award of attorney fees on the trust claims were based on its determination that those claims were reasonable *at the outset* of the litigation. Accordingly, the question of whether the trust ever became irrevocable is not properly before us. We offer no opinion on that point, and we also do not address what legal effect such a change in the trust's character would have on the parties' positions in this litigation or their entitlement to

it denied respondent's petition for attorney fees under that statute. It follows that the court also erred when it awarded petitioner fees on the trust claims under ORS 130.815. Although that statute says that the court may award fees "to any party" in an action involving administration of a trust, it cannot justify an award of fees to a party that had no objectively reasonable basis for bringing the claims that it did. We therefore reverse and remand so the court may consider the amount of attorney fees to which respondent is entitled for work associated with the trust claims under ORS 20.105(1).

Reversed and remanded.

---

attorney fees. Nothing in this opinion should be construed to preclude the trial court from addressing those issues if they are properly raised on remand.