No. 15　　January 14, 2026　　477

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CURRY PROPERTIES, INC.,
a Washington corporation,
*Plaintiff-Appellant,*

*v.*

Leonard COLDIRON
and Cynthia Diane Carey,
*Defendants-Respondents.*

Curry County Circuit Court
23CV15061; A186148

Cynthia Lynnae Beaman, Judge.

Argued and submitted December 5, 2025.

Larry Setchell argued the cause and filed the briefs for appellant.

Sasha A. Petrova argued the cause for respondents. Also on the brief was Tonkon Torp LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Plaintiff appeals from a supplemental judgment, which awarded defendant $23,710 in attorney fees pursuant to ORS 20.105(1) plus $370.79 in costs and was entered following plaintiff's voluntary dismissal of its underlying complaint pursuant to ORCP 54 A(2).[1] Plaintiff argues that the trial court erred because plaintiff had an "objectively reasonable basis for asserting the claim" for easement by prescription, and therefore the trial court erred in awarding attorney fees to defendant. *See* ORS 20.105(1) (allowing court to impose attorney fees "upon a finding * * * that there was no objectively reasonable basis for asserting the claim"). Defendant argues that the trial court did not err in awarding attorney fees because plaintiff's claim was "entirely devoid of legal or factual support," in that there was "no evidence offered that, if believed, would support a finding and a resulting judgment for [plaintiff]" and that "there is no law * * * that supports [plaintiff's] claim to relief[.]" *See Magno, LLC v. Bowden*, 313 Or App 686, 695, 496 P3d 1049 (2021) ("In determining whether [the plaintiff's] action was entirely devoid of factual or legal support, the question is whether any evidence, if offered and believed, or any legal authority, would support a finding and a resulting judgment for [the plaintiff]."). We review for legal error. *Id.* at 691 (stating that "[w]e review for errors of law a trial court's conclusion that there was no objectively reasonable basis for asserting a claim"). We affirm.

In April 2023, plaintiff filed a lawsuit in Curry County Circuit Court, seeking to establish an easement over an "existing road" that ran across defendant's property. Plaintiff's complaint alleged three claims: (1) a claim for an express easement, (2) a statutory claim for an easement by necessity pursuant to ORS 376.150, and (3) a claim for a prescriptive easement.[2] Regarding the prescriptive easement, the complaint alleged that, "[b]ut for the Existing Road,

---

[1] Although plaintiff mentions both fees and costs on appeal, his argument, as that of defendant, focuses on ORS 20.105(1), which addresses "reasonable attorney fees." We understand costs in this case to have been awarded pursuant to ORCP 68 B. Plaintiff does not meaningfully develop any argument that it was error to award costs, and so we address only the award of attorney fees pursuant to ORS 20.105(1).

[2] In its opinion, the trial court noted that the claims for express easement and easement by necessity were abandoned by plaintiff. It nevertheless noted

[plaintiff's property] would be landlocked" and that plaintiff and their predecessors in interest had used the road in a manner that was "continuously open, notorious, hostile, and adverse to [defendants] and prior owners" for "more than 50 years." *See Hisey v. Patrick*, 309 Or App 625, 633, 484 P3d 377 (2021) (describing that a prescriptive easement arises where a party demonstrates "open, notorious, and adverse use of another's property for a continuous and uninterrupted period of at least 10 years"). In its answer, defendant countered that plaintiff was not entitled to any easement, claiming that plaintiff's property was not landlocked and that "any use of the existing road by [plaintiff's] predecessor had been done with express permission from [defendant's] late father."

After selling the property to a party who later declined to substitute herself into the litigation, plaintiff first withdrew the claim for easement by necessity in January 2024 and then voluntarily dismissed the entire action pursuant to ORCP 54 A(2) on June 5, 2024. The trial court entered a Stipulation and General Judgment and designated defendants as the prevailing party. *See* ORCP 54 A(3) (stating that, "[w]hen an action is dismissed under this section, * * * the dismissed party shall be considered the prevailing party").

Defendants petitioned for attorney fees pursuant to ORS 20.105(1), claiming that plaintiff had not and could not prove the requisite adversity to establish an easement by prescription, that plaintiff had "pursued a claim without an objectively reasonable basis," and therefore the trial court was required to award reasonable fees to defendant. *See Lewis v. Worley*, 318 Or App 127, 134, 507 P3d 814 (2022) (determining that, because "petitioner ha[d] no objectively reasonable basis * * * for bringing * * * claims[,] [r]espondent was * * * entitled to an award of attorney fees under ORS 20.105(1)"). Defendant provided the trial court with witness declarations and exhibits to those declarations in support of its request, arguing that the trial court may consider such evidence in order to determine the reasonableness of plaintiff's claim. *See Andlovec v. Spoto*, 326 Or App 525, 528,

---

that the claim for easement by necessity was "clearly devoid of any legal of factual support."

532 P3d 531 (2023) (stating that "[a]ttorney fees under ORS 20.105 might also become appropriate when a party continues to litigate a claim or defense after it is clear that the plaintiff's legal position no longer has any arguable support in the law *as applied to the facts*" (emphasis added and internal quotation marks omitted)). Plaintiff argued and continues to argue that those post-dismissal declarations were "self-serving hearsay," which "should not have been considered by the Trial Court."[3]

     In a letter opinion, the trial court determined that, while "[t]here may be some instances where a factual determination may be required, * * * this court finds that it is not necessary in this case" because, "[e]ven without the declarations, the court finds that the claim for easement by necessity was clearly devoid of any legal or factual support[.]" As to the prescriptive easement claim, the trial court determined that plaintiff "filed this suit relying on a presumption of adversity where there is a long term use without evidence of permission, when it is actually the opposite in circumstances such as this."

     On appeal, plaintiff argues that the trial court erred, in part, because it is entitled to a rebuttable presumption of adversity "where, as here, the [p]laintiff claims more than 10 years of use of a road over Servient Property owned by strangers." *See Langjahr v. Glorietta Bay, LLC*, 340 Or App 594, 599, 571 P3d 1110 (2025) (stating that "open and notorious use for the prescribed period gives rise to a rebuttable presumption of adverse use" when "the person claiming the easement by prescription is a stranger to the landowner" (internal quotation marks omitted)). Defendant contends, and the trial court determined, that the applicable law in this case is the opposite of what plaintiff contends and that plaintiff was required to affirmatively demonstrate adversity, because "the nature of the land or the relationship between the parties is such that the use of the owner's property is not likely to put the owner on notice of adverse nature of use." *See Hisey*, 309 Or App at 633-34; *see also Langjahr*, 340

---

[3] Because the trial court did not rely on the declarations and exhibits in making its ruling regarding attorney fees, and we affirm for the reasons provided by the trial court, we need not and do not express any opinion on the admissibility of the declarations and exhibits.

Or App at 601 ("[A]lthough plaintiffs and defendant did not know each other personally, they were owners of neighboring lots and not 'strangers' as that term is used in the case law."); *Wels v. Hippe*, 360 Or 569, 578-79, 385 P3d 1028 (2016), *adh'd to as modified on recons*, 360 Or 807, 388 P3d 1103 (2017) (stating that "[u]se qualifies as 'open and notorious' if it provides the landowner with a reasonable opportunity to learn of its existence and nature" and that the presumption of adversity applies in cases where the person claiming the easement is a stranger to the landowner because, "under such circumstances, it makes sense to assume that obvious use of the owner's property is adverse to his or her rights" (internal quotation marks omitted)).

    Here, the trial court determined that plaintiff's prescriptive easement claim lacked "any objectively reasonable basis," in part because, "[h]ad [p]laintiff investigated further, it would have been evident that the use of the Road was with permission from [d]efendants." Having reviewed the record and the relevant law, we agree with defendant and conclude that the trial court did not err. Under our case law, it was permissible for the trial court to determine that plaintiff was not entitled to a rebuttable presumption of adversity and, instead, presume that use of the existing road by the plaintiff's predecessor in interest was permissive. That is because plaintiff and defendant were "owners of neighboring lots and not 'strangers' as that term is used in the case law." *Langjahr*, 340 Or App at 601; *see id.* at 599 (stating that "open and notorious use for the prescribed period gives rise to a rebuttable presumption of adverse use" when "the person claiming the easement by prescription is a stranger to the landowner" but that "the presumption of adversity does not apply when the use is in accordance with permission from the landowner, or when a claimant uses a road that the landowner constructed or that is of unknown origin" (internal quotation marks omitted)); *Woods v. Hart*, 254 Or 434, 436, 458 P2d 945 (1969) (stating that, "[w]here one uses an existing way over another person's land and nothing more is shown, it is more reasonable to assume that the use [of the road] was pursuant to a friendly arrangement between neighbors rather than to assume that the user was making an adverse claim").

Plaintiff argues that the question of whether to award fees under ORS 20.105(1) is a question of law and that the trial court must not weigh disputed facts in determining whether to award fees. *See Williams v. Salem Women's Clinic*, 245 Or App 476, 482, 263 P3d 1072 (2011) (stating that "whether a claim lacks an objectively reasonable basis is a legal question, and we review the trial court's ruling on that question for legal error"); *see also Olson v. Howard*, 237 Or App 256, 268-69, 239 P3d 510 (2010) (rejecting trial court's "no reasonable basis" determination, in part, because the court had made the determination after it "weighed the parties' competing evidence"). Instead, plaintiff argues that the trial court must look at the allegations in plaintiff's complaint to determine whether they are objectively reasonable. *See Williams*, 245 Or App at 483-84 (determining that a claim was not "entirely devoid" of support when plaintiff's allegations "provided some basis for [a] * * * breach of contract claim").

As noted above, the record reflects that the trial court did not rely on defendant's declarations or other evidence when it awarded fees. The trial court's letter opinion states that "it is not necessary in this case to consider the declarations in determining whether the claim lacks an[] objectively reasonable basis" and that, "[e]ven without the declarations," the trial court found that plaintiff's allegations did not provide an objective reasonable basis for the prescriptive easement claim.

In relevant part, ORS 20.105(1) states:

"In any civil action, suit or other proceeding in a circuit court or in the regular division or the magistrate division of the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

ORS 20.105(1). Here, the trial court determined that defendant was the prevailing party pursuant to ORCP 54 A(3) and determined that plaintiff had "no objectively reasonable basis" for asserting the prescriptive claim. Because plaintiff was not a "stranger to the landowner" and was therefore not entitled to a "rebuttable presumption of adversity," and because plaintiff failed to otherwise allege any adverse use to support its claim for a prescriptive easement, we conclude that the trial court did not err in awarding fees to defendant as a prevailing party pursuant to ORS 20.105(1).

Affirmed.